OPINION
Appellant, Edward McCoy, appeals a decision of the Clermont County Court of Common Pleas in which the court dismissed his petition for postconviction relief without holding an evidentiary hearing. Appellant also filed a motion for a delayed direct appeal in this court which has been granted. In the interest of justice and judicial economy, we have combined the two appeals.
On April 23, 1993, the Clermont County Grand Jury returned a three-count indictment against appellant. Count one of the indictment charged appellant with murder under R.C. 2903.02; Count two charged him with involuntary manslaughter under R.C.2903.04(A); and Count three charged him with having weapons while under a disability under R.C. 2923.13(A)(4). Counts one and two of the indictment also contained firearm specifications. On August 11, 1993, appellant entered a plea of guilty to Count two, involuntary manslaughter, with a firearm specification. The state entered a nolle prosequi to Counts one and three. Appellant was sentenced to five to ten years of incarceration, to be served consecutively with three years of actual incarceration for the firearm specification.
No direct appeal was taken from this conviction. On September 19, 1996, appellant filed his petition for postconviction relief. The state of Ohio, appellee herein, filed a motion to dismiss appellant's petition. On February 20, 1997, the trial court dismissed appellant's petition for postconviction relief, which set forth ten claims for relief. The trial court found that claims five, six, seven, and ten were barred by the doctrine of res judicata and that claims one through four, eight, and nine were without merit. On March 20, 1997, appellant filed an appeal from the denial of the petition for postconviction relief, arguing that the trial court erred in finding that claims one through four, eight, and nine were without merit.
On March 24, 1997, appellant filed his motion for delayed direct appeal, which was granted, arguing essentially the four issues which the trial court found to be barred by res judicata in his petition for postconviction relief.
 Petition for Postconviction Relief
Appellant sets forth one assignment of error on appeal:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN OVERRULING HIS PETITION TO VACATE/SET ASIDE SENTENCE WITHOUT GRANTING AN EVIDENTIARY HEARING.
In arguing his assignment of error, appellant presents six issues for our review. First, we will set forth the applicable law dealing with postconviction relief. R.C. 2953.21 provides in pertinent part:
 (A)(1) Any person convicted of a criminal offense or adjudged a delinquent child and who claims that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
A hearing is not automatically granted upon the filing of a petition for postconviction relief. State v. Jackson (1980), 64 Ohio St.2d 107, 110. The petitioner must show that there are substantive grounds for relief that would warrant a hearing based upon the petition, the supporting affidavits, and the files and records in the case. Id. A petition for postconviction relief may be dismissed without an evidentiary hearing when the claims raised are barred by the doctrine of res judicata. State v. Perry (1967), 10 Ohio St.2d 175.
 Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except on appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.
Id., paragraph nine of the syllabus.
There is an exception to the doctrine of res judicata where the petitioner presents competent, relevant, and material evidence dehors the record that was not in existence and available to the petitioner in time to support the direct appeal. State v. Lawson (1995), 103 Ohio App.3d 307, 315. The threshold level that the evidence dehors the record must meet has been described in many different ways. We find the following to be the clearest expression of this threshold.
In State v. Lawson, 103 Ohio App.3d 307, this court quoted with approval the threshold set by the First District Court of Appeals in State v. Coleman (Mar. 17, 1993), Hamilton App. No. C-900811, unreported, which stated that the evidence must be genuinely relevant, and it must materially advance a petitioner's claim that there has been a denial or infringement of his or her constitutional rights. The Coleman court noted that in the absence of such a standard, it would be too easy for the petitioner to simply attach as exhibits "evidence which is only marginally significant and does not advance the petitioner's claim beyond a mere hypothesis and a desire for further discovery." Id. at 22. Furthermore, the evidence offered dehors the record "must be more than evidence which was in existence and available to the defendant at the time of the trial and which could and should have been submitted at trial if the defendant wished to make use of it." Id. Additionally, when arguing ineffective assistance of counsel, appellant "bears the initial burden in a post-conviction proceeding to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and also that the defense was prejudiced by counsel's ineffectiveness." (Emphasis sic.) State v. Jackson, 64 Ohio St.2d 107, 111.
In summary, to overcome the res judicata bar, the evidence offered dehors the record must show that the petitioner could not have appealed the constitutional claim based upon information in the original trial record; the evidence must be genuinely relevant; and when arguing ineffective assistance of counsel, the evidence must set forth sufficient operative facts to demonstrate ineffective assistance of counsel and prejudice.
Appellant's first claim for relief contends that he was incompetent to enter a guilty plea because he was taking prescription medication at the time he entered his plea, and that this medication affected his ability to enter into a knowing and voluntary plea. In a criminal case, a plea must be made "knowingly, intelligently, and voluntarily." State v. Engle (1996), 74 Ohio St.3d 525, 527. Failure on any of these points "renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." Id. A determination of whether a plea is knowing, intelligent and voluntary is based upon a review of the record. State v. Spates (1992), 64 Ohio St.3d 269, 272.
Crim.R. 11(C) sets forth the procedure a trial judge must follow when accepting a guilty plea to a felony offense. Subsection (C)(2) requires the judge to address the defendant personally and to determine that the defendant is entering his plea voluntarily, with an understanding of the nature of the charge and the maximum penalty involved and, if applicable, that he is not eligible for probation. Further, the court must inform the defendant, and ascertain that he understands, the effect of his guilty plea and that upon acceptance of the plea, the court may proceed with judgment and sentence.[1]
Prior to accepting appellant's plea, the trial court had the following conversation with appellant:
 TRIAL COURT: For the reasons stated by the State, they are amending this charge to read that on or about the 26th day of April, 1993, in Clermont County, you allegedly did cause the death of Mark Moon as a proximate result of you committing or attempting to commit a misdemeanor, contrary to and in violation of 2903.04(B) of the Ohio Revised Code, commonly known as involuntary manslaughter involving a misdemeanor. Do you understand how the charge has been amended, sir?
APPELLANT: Yes, sir.
 COURT: Now, if you are found guilty of this offense, you can be fined up to $5,000, and you can be sentenced to a minimum of two, three, four, five years in the State Penitentiary or Reformatory, and in addition to that, also sentenced to three years mandatory incarceration as a result of the firearm being involved. Do you understand that, sir?
APPELLANT: Yes, sir.
* * *
 TRIAL COURT: Let me further state to you that if you enter a guilty plea to Count 2, a plea of guilty means that you give up certain rights and these certain rights are as follows: First of all, you have the right to have this case heard by a jury or to a judge in which you are presumed to be innocent until proven guilty by evidence beyond a reasonable doubt. A plea of guilty gives up your right to have the case tried before a jury or a judge, gives up your presumption of innocence and gives up your right to require the state to prove the charges against you beyond a reasonable doubt. Do you understand that, sir?
APPELLANT: Yes, sir.
 COURT: Secondly, sir, at this trial, you would have the right to remain silent, that is, none could force you to take the stand and offer evidence against you. It's called the right against self-incrimination. And the fact that you would choose not to testify would not be held against you by the jury or judge for any purpose. However, if you enter a guilty plea to the charge of involuntary manslaughter involving a misdemeanor, the guilty plea means that you admit that you violated the law as charged in that, and if you admit to doing that, that can be used against you and that will incriminate you and give up your right against self-incrimination. Do you understand that, sir?
APPELLANT: Yes, sir.
 COURT: Thirdly, at this trial, you would have the right to issue subpoenas, that is, court orders to bring people in to testify for you, even though they may not wish to appear, you can order them to appear. The power is known as the power of subpoena and the right is known as compulsory process. This right you give up if you enter a plea of guilty. Do you understand that, sir?
APPELLANT: Yes, sir.
 COURT: And finally, sir, you would have the right to have a face-to-face confrontation with all people who would testify against you, and I already told you about that, the power of subpoena, to ask them questions or cross examine then. Those are called the right of confrontation and cross-examination. Those rights are given up if you enter a guilty plea to the charge. Do you understand that?
APPELLANT: Yes, sir.
COURT: How old are you, sir?
APPELLANT: Thirty-three.
COURT: How far did you go in school?
APPELLANT: Through high school.
 COURT: Have you discussed your rights which I've just gone over with both counsels in this case?
APPELLANT: Yes.
 COURT: Have you asked for and received counsels' advice on what you should or shouldn't do in this case from your attorneys?
APPELLANT: Yes, sir.
 COURT: Do you have confidence in the discussions you've had with your attorneys?
APPELLANT: Yes, sir.
 COURT: Do you have any questions of your lawyers or of me about anything which has gone on in this case or is going on now in this case. If you do, sir, now is the time to ask.
APPELLANT: No, I have no questions.
 COURT: Are you taking any medication at this time?
APPELLANT: No.
 COURT: Do you consider yourself under the influence of alcohol or any drug at this time?
APPELLANT: No.
From the above exchange between the trial court and the appellant, we find that the trial court satisfied Crim.R. 11 requirements. Furthermore, after questioning appellant in accordance with Crim.R. 11, the trial court declared that appellant's plea was made "orally and in writing" and the plea was "knowingly, intelligently and voluntarily made."
Appellant contends that his plea was not knowingly, intelligently and voluntarily made because he was under the influence of prescription medication at the time he entered his plea. In support of this claim, appellant submitted an affidavit in which he states that he lied when asked by the court at the plea hearing whether he was taking any medication, and he also submitted a "Health Information Transfer Summary" from the Clermont County Jail which states: "Medical/Dental/Psychiatric Problems: Seizure disorder (Tegretol 200 mg TID); Diagnosed PTSD and manic depressive. (Also on Sinequan 100 mg at H.)" In denying appellant's claim for relief, the trial court stated that appellant's broad, self-serving affidavit does not meet the evidentiary standards for R.C. 2953.21 pursuant to State v. Jackson, 64 Ohio St.2d 107. However, it appears that the trial court did not consider the Health Information Transfer Summary in addition to appellant's affidavit. Even assuming, arguendo, that the evidence presented by appellant passes the "minimum threshold of showing a constitutional claim that could not have been raised on direct appeal, the court may still deny a hearing if it finds that based on all the files and records, there are no substantive grounds for relief." State v. Combs (1994), 100 Ohio App.3d 90,98.
We have reviewed the record of the plea hearing, the affidavit submitted by appellant, and the Health Information Transfer Summary. Appellant's own self-serving affidavit alleging a constitutional deprivation does not compel a hearing. State v. Kapper (1983), 5 Ohio St.3d 36, 37-38. At most, the Health Information Transfer Summary shows that appellant was given a prescription for Tegretol and Sinequan. However, this document does not show that appellant was under the influence of these drugs on August 11, 1993. Based on appellant's testimony at the plea hearing that he was not taking any medication, nor was he under the influence of drugs or alcohol, we find that the Health Information Transfer Summary is only marginally significant and does not advance the petitioner's claim beyond a mere hypothesis and a desire for further discovery. See State v. Coleman (Mar. 17, 1993), Hamilton App. No. C-900811, unreported, at 22. Furthermore, even if we assume that appellant was on prescription medication at the time of the plea, there is no indication that this medication interfered with his ability to make a knowing, intelligent and voluntary plea. Accordingly, the trial court properly denied appellant a hearing on this claim.
Appellant's remaining claims for relief allege that he was denied effective assistance of counsel and that these claims can be proven only by evidence dehors the record. As stated earlier, in a petition for postconviction relief which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness. State v. Jackson, 64 Ohio St.2d 107.
Appellant's second claim for relief alleges that trial counsel failed to inform him that his bond of "$100,000 cash" had been amended to "$100,000 cash or professional." Appellant argues that if he had known of the amendment, he would have been able to post bond under the amended amount and he could have received psychological counseling to better aid in his own defense. In support of his assertion, appellant submitted an affidavit stating that his attorneys failed to inform him that his bond had been changed from "cash only" to "cash or professional". Appellant also offered an affidavit from his mother, Dolores McCoy, stating that she had contacted appellant's attorneys after the arraignment and was told that the bond remained at "$100,000 cash only." In denying this claim, the trial court held that appellant did not demonstrate trial prejudice and that he did not explain how counseling would have allowed him to more fully participate in his own defense.
A trial judge may amend a bond order at any time to impose additional or different conditions of release. Crim.R. 46(H). Therefore, the amendment of the bond itself is not error; the error would be if appellant was not informed of the amendment. "If we would allow any open-ended allegation or conclusory statement concerning competency of counsel without a further showing of prejudice to the defendant to automatically mandate a hearing, * * * R.C. 2953.21 would be effectively negated and useless." State v. Jackson, 64 Ohio St.2d at 112. Appellant has failed to show how he was prejudiced by his counsel's alleged failure to inform him of the bond amendment. Accordingly, the trial court properly denied appellant's second claim for relief.
In his third claim for relief, appellant contends that defense counsel was ineffective because they failed to appeal from the August 4, 1993 motion to suppress. The trial court found this claim was without merit based on State v. Barnett (1991),73 Ohio App.3d 244, because appellant knowingly, intelligently, and voluntarily entered a plea of guilty and by doing so he waived his claim that he was deprived of the effective assistance of counsel prior to entering the plea.
 When a defendant enters a plea of guilty as part of a plea bargain he waives all appealable errors which may have occurred at trial, unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea.
Id. at 248, following State v. Kelley (1991), 57 Ohio St.3d 127, paragraph two of the syllabus (plea of guilty following a trial and prior to sentencing effectively waives all appealable errors which may have occurred at trial).
This court has held that a guilty plea constitutes a waiver of alleged errors by the trial court in not suppressing evidence. State v. Elliott (1993), 86 Ohio App.3d 792, following Huber Hts. v. Duty (1985), 27 Ohio App.3d 244. Therefore, even if appellant's counsel erred in not appealing the motion to suppress, appellant waived the error when he pled guilty. Accordingly, the trial court did not err in denying appellant an evidentiary hearing on this claim.
Appellant's fourth claim for relief contends that his attorneys did not prepare for a trial or explain the elements of the amended offense to which he entered a plea of guilty. In support of this claim, appellant submitted an affidavit in which he asserts that his counsel explained the possible sentences but did not explain the elements of each crime. In denying this claim, the trial court found that the record indicates that appellant fully understood the nature of the charge to which he entered a plea. Pursuant to our discussion of appellant's first claim, we concur with the trial court that appellant knowingly, intelligently, and voluntarily entered his plea of guilty. The record shows that the court apprised appellant of his constitutional rights and that the court examined appellant to insure a voluntary and intelligent waiver.
Furthermore, a review of appellant's affidavit in support of this claim shows that the affidavit does not meet the burden of proof established by State v. Jackson, 64 Ohio St.2d 107. Appellant has not submitted "evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." Id. at 111. Instead, appellant has "made broad, conclusory statements which, as a matter of law, do not meet the requirements for an evidentiary hearing." State v. Pankey (1981), 68 Ohio St.2d 58. Accordingly, we find that the trial court properly dismissed appellant's fourth claim.
Appellant's fifth claim contends that his defense counsel was ineffective in failing to inform him of his right to remain silent at the presentence psychiatric examination pursuant to Miranda v. Arizona (1966), 384 U.S. 436, 86 S.Ct. 1602. In denying this claim, the trial court found that appellant's claim of prejudice was contradicted by the record which indicated that the presentence report contained no evidence that the defendant's actions were anything more than an accident.
Where proceedings after conviction are nonaccusatorial and nonadversary, the principles of Miranda do not apply. State v. Abner (1974), 43 Ohio App.2d 141, 148. Postconviction psychiatric procedures are not part of the accusatorial process. Id. at fn. 9. Appellant was not entitled to a Miranda warning prior to the postconviction psychiatric examination. Accordingly, the presentence psychological evaluation was properly available for the trial court's use in sentencing. Furthermore, appellant has failed to submit "evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." State v. Jackson at 111. Accordingly, the trial court properly dismissed appellant's fifth claim for relief.
Appellant's sixth claim for relief contends that his counsel failed to personally review the presentence report with him to verify its accuracy and that he was prejudiced by this. However, appellant's own self-serving affidavit, standing alone, is not sufficient to overcome the requirements of Jackson. Throughout his brief, appellant cites State v. Swortcheck (1995), 101 Ohio App.3d 770, in support of the proposition that the trial court must accept affidavits submitted in postconviction relief as true. However, in State v. Smith (Oct. 13, 1997), Butler App. No. CA97-01-011, unreported,[2] following State v. Moore (1994),99 Ohio App.3d 748, this court held that the trial judge did not err in weighing issues of credibility and weight based on affidavits submitted by Smith's sister and girlfriend. Accordingly, the trial court does not automatically have to accept as true any affidavits submitted in a petition for postconviction relief, but may weigh the credibility of the postconviction relief affidavits. State v. Moore at 15.
Appellant submitted an affidavit in which he avers that he was prejudiced by trial counsel's alleged failure to review the presentence report. However, appellant has not submitted any evidence of prejudice. Even if we assume that the presentence report contained inaccuracies as alleged by appellant, there is no evidence to support his contention that he was prejudiced by it. Therefore, the trial court properly denied appellant an evidentiary hearing on his sixth claim.
The trial court found that there were no grounds for a hearing on appellant's petition for postconviction relief. We concur with the trial court and find that appellant failed to sustain his initial burden of demonstrating sufficient operative facts to show substantive grounds for relief. The trial court's denial of appellant's petition for postconviction relief is affirmed.
 Direct Appeal
On March 24, 1997, appellant filed a motion for a delayed direct appeal which was granted. Counsel was appointed to assist appellant on his direct appeal. Counsel has filed a brief and supplemental brief with this court pursuant to Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396, which indicates (1) that a review of the record from the proceedings below fails to disclose any errors by the trial court prejudicial to the rights of appellant upon which an assignment of error may be predicated; and (2) lists five potential errors "that might arguably support this appeal," Anders at 744. Counsel requested permission to withdraw as counsel for appellant on the basis that any legal issues presented were meritless. Counsel requested that new appellate counsel be appointed or in the alternative that appellant be given the opportunity to file a pro se brief. This court denied counsel's motion to withdraw, ruling that the motion would be considered when appellant's brief was considered by this court, and granted appellant additional time to file a pro se brief.
Appellant filed a pro se brief in which he asserts three assignments of error. It appears that appellant was under the impression that the only assignments of error he should raise on direct appeal were those issues not allowed by the trial court under the doctrine of res judicata in his petition for postconviction relief. Accordingly, appellant did not argue on direct appeal any issues he argued in his petition for postconviction relief, presumably because the merits of the arguments would be addressed in his petition for postconviction relief. In the interest of justice, we have considered not only appellant's arguments raised on direct appeal but also those issues from his petition for postconviction relief which could or should have been raised on direct appeal. We have examined the record and find no error prejudicial to appellant's rights in the proceedings in the trial court.
Therefore, it is the order of this court that the motion of counsel for appellant requesting to withdraw as counsel is granted, and appellant's direct appeal is hereby dismissed for the reason that it is wholly frivolous.
POWELL, P.J., and KOEHLER, J., concur.
[1] Recent changes in Ohio law may impose additional requirements before a trial court may accept a guilty plea. See R.C. 2943.032
(notice required of possible extension of prison term before a guilty plea is accepted); R.C. 2950.03 (sexual predator statute requires actual notice of duty to register).
[2] Swortcheck and Smith were certified to the Supreme Court as being in conflict. The Supreme Court accepted the certification on January 28, 1998 under Case No. 97-2730. A decision on the merits has not been released.