## BICKLEY v
## CITIZENS SAVINGS BANK & TR CO et

Ohio Appeals, 1st Dist, Butler Co

No 657.   Decided Nov 7, 1935

Ben A. Bickley, Hamilton, for plaintiff.

John D. Andrews, Hamilton, for defendants.

## OPINION

### By HAMILTON, J.

It is the law that the administrator has no claim or interest in the realty of the decedent. His only right is to sell the real estate when needed to pay the debts of the estate. There is no allegation in the petition that it is necessary to sell the real estate in question to pay debts.

It does appear from the papers that the administrator brought an action in the Probate Court of Butler County to sell certain real estate belonging to the estate of U. F. Bickley to pay debts. That case is now pending. It also appears that the property levied upon is not sought to be sold in that proceeding.

The case is here on appeal, and while the plaintiff tendered a certain paper, designated an "Agreed Statement of Facts", counsel for defendant Bank refused to join in any agreed statement of facts, so that that paper cannot be considered. There is no evidence tendered in the case. All the court has before it are the pleadings. On the state of the pleadings, it is clear that the Bank was not in a position to levy execution on the judgment, since the deceased had no property. What real estate he died seized of, all passed to his heirs at law, who became the owners of the real estate, and their property could not be levied upon and sold without these heirs having their day in court.

It is also the law, as heretofore stated, that the administrator of an estate takes no title to the realty. His interest is only to subject the necessary part thereof to the payments of debts. The administrator is, therefore, not in a position to maintain this action in injunction, since he had no interest in the property. If it developed that it was needed, he would have a right to come into the proceeding to protect creditors of the estate.

The petition does not state a cause of action for injunction in the administrator; neither does the answer show a right on the part of the Bank to maintain the levy.

The case is dismissed at the costs of the plaintiff.

ROSS, PJ, and MATTHEWS, J, concur.