The STATE of Ohio, Appellee,

v.

SWORTCHECK, Appellant.

[Cite as *State v. Swortcheck* (1995), 101 Ohio App.3d 770.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68004.

Decided May 1, 1995.

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *George J. Sadd*, Assistant Prosecuting Attorney, for appellee.

*Paul Mancino, Jr.*, for appellant.

*Per Curiam.*

This appeal was filed and briefed as an accelerated appeal pursuant to Local App.R. 25.

John Swortcheck, defendant-appellant, appeals the trial court's dismissal of his petition for postconviction relief. Swortcheck assigns the following errors for our review:

"I. The defendant was denied due process of law when the court ordered a hearing in this case and then, without notice, granted a motion to dismiss.

"II. The defendant was denied due process of law when the court disposed of the petition for post-conviction relief without an evidentiary hearing.

"III. The defendant was denied due process of law when he was not awarded a new trial by reason of ineffective assistance of counsel."

For the reasons set forth below, we reverse the decision of the trial court.

Swortcheck was convicted of two counts of rape and one count of kidnapping. He filed a petition for postconviction relief and alleged the denial of effective assistance of counsel because his trial counsel failed to use material witnesses available to him for trial. In support of the petition, Swortcheck provided three affidavits.

Michelle Ettinger and Phyllis McDonald averred the following: Both of them were employed at Duke's Bar on West 130th Street in Cleveland, Ohio at the time of the alleged rape and kidnapping. After the incident was alleged to have taken place, Georgia Ollie, who was a regular patron, came into Duke's Bar. Ollie told them she and another woman had gone for a ride with Swortcheck in his car

because she wanted him to take her to buy some cocaine and go home with her. As they were riding, Ollie had a fight with the other woman, and Swortcheck ordered her out of his car. Two weeks later, Ollie came back into the bar, told them she was angry at Swortcheck for rejecting her and made up the rape claim to get revenge.

Swortcheck averred the following: He had told his trial counsel, Michael J. Molnar, about the two witnesses, Ettinger and McDonald. He had told Molnar the substance of their testimony, but Molnar did not take any action to have them testify at trial. During the trial, McDonald showed up in the courtroom, but Molnar refused to consider using her as a witness.

The state filed a motion to dismiss the petition for postconviction relief. In support of the motion to dismiss, the state provided the affidavit of Michael J. Molnar. Molnar averred the following: He was never told about Ettinger and McDonald. Had he known they were potential witnesses, he would have contacted them and, if satisfied with their reliability, would have called them to testify on Swortcheck's behalf. Upon these facts, the trial court determined that Swortcheck could not demonstrate ineffective assistance of counsel. The motion to dismiss the petition was granted, and this appeal followed.

■ In this appeal, Swortcheck's three assignments of error essentially raise the same issue: whether his petition for postconviction relief was sufficient to warrant a hearing. "Before granting a hearing, the court shall determine whether there are substantive grounds for relief." R.C. 2953.21(C). "Thus, the pivotal concern is whether there are substantive grounds for relief which would warrant a hearing based upon the petition, the supporting affidavit and the files and records of this cause." *E.g., State v. Jackson* (1980), 64 Ohio St.2d 107, 110, 18 O.O.3d 348, 350, 413 N.E.2d 819, 822.

■ When determining whether there are substantive grounds for postconviction relief that would warrant a hearing, the affidavits offered in support of the petition should be accepted as true. See *State v. Strutton* (1988), 62 Ohio App.3d 248, 252, 575 N.E.2d 466, 468–469. The affidavit or affidavits in support need only present sufficient prima facie evidence of ineffective assistance of counsel to warrant a hearing. *Id.* at 253, 575 N.E.2d at 469. In *State v. Scott* (1989), 63 Ohio App.3d 304, 578 N.E.2d 841, this court held that an affidavit containing evidence of the availability of mitigating evidence and the failure of trial counsel to attempt to obtain the mitigating evidence set forth sufficient operative facts to show substantial grounds for relief. *Id.* at 310–311, 578 N.E.2d at 845–846. Because there were substantive grounds for relief, this court held that a hearing should have been granted and remanded the case for a hearing on the claim of

ineffective assistance counsel during the mitigation phase. *Id.* at 311, 578 N.E.2d at 846.

■ The case *sub judice* presents a similar basis for relief. The affidavits of Michelle Ettinger and Phyllis McDonald contain evidence which, if believed, would seriously impeach the credibility of the victim, Georgia Ollie, and could possibly exonerate Swortcheck. Swortcheck's affidavit contains evidence that his trial counsel knew that Ettinger and McDonald were potential witnesses, but failed to interview them or call them as witnesses. Accordingly, the affidavits contain sufficient operative facts showing substantive grounds for relief, and a hearing should have been held.

■ The state's opposition to the petition merely raises a question of credibility. The state claims that Swortcheck's lawyer did not know of the witnesses. Swortcheck says he did. The credibility of the witnesses offering the affidavits is for the trier of fact to resolve at the hearing. See *Killilea v. Sears, Roebuck & Co.* (1985), 27 Ohio App.3d 163, 27 OBR 196, 499 N.E.2d 1291 (credibility not proper basis for summary judgment). See, also, *State v. Willison* (Aug. 18, 1994), Perry App. No. CR–93–462, unreported, 1994 WL 478000; *State v. Ramos* (June 8, 1994), Lorain App. No. 93CA005741, unreported, 1994 WL 246138, citing *State v. Xie* (1992), 62 Ohio St.3d 521, 525, 584 N.E.2d 715, 718. Thus, the credibility of witnesses and any conflict in evidence are properly resolved at the postconviction hearing, not before. *State v. Rios* (Apr. 15, 1993), Cuyahoga App. No. 63509, unreported, 1993 WL 120252 (Blackmon, J., dissenting).

While the trial court *sub judice* may ultimately conclude that Swortcheck's witnesses are not credible, that determination cannot be made without a hearing. Accordingly, this case is reversed, and the cause is remanded for a hearing on the petition for postconviction relief.

*Judgment reversed*
*and cause remanded.*

PATRICIA A. BLACKMON, P.J., HARPER and NAHRA, JJ., concur.