OPINION
Petitioner, Willie Smith, appeals from the judgment of the Cuyahoga County Court of Common Pleas denying his motion for leave to file new trial motion instanter and dismissing his petition for post-conviction relief. For the reasons stated below, we reverse and remand.
On October 24, 1995, following a jury trial, petitioner was convicted of kidnaping, in violation of R.C. 2905.01, and aggravated murder, in violation of R.C. 2903.01. The trial court sentenced petitioner to life imprisonment for the aggravated murder conviction, consecutive to a term of imprisonment of ten to twenty-five years for kidnaping. The trial court also ordered petitioner to pay a $35,000 fine.
Appellant filed a notice of appeal with this court on November 6, 1995. On September 20, 1996, petitioner filed a motion for leave to file a motion for new trial instanter, or alternatively, petition for post-conviction relief pursuant to R.C. 2953.21 in the trial court. Petitioner claimed that he was entitled to a new trial pursuant to Crim.R. 33(A)(2) because the states key witness, William Marshall, had lied during petitioners trial to conceal the fact that he had shot the victim, Reginald Lewis. In the alternative, petitioner claimed that he was denied his constitutional rights to a fair trial and effective assistance of counsel because state witnesses lied under oath and his attorney did not present certain exculpatory evidence at his trial.
Petitioner submitted seven sworn affidavits in support of, his petition. Three of the affidavits were from relatives of petitioner. Donald Laster, petitioners uncle, stated that William Marshall had bragged to him about shooting Reginald Lewis. Laster also stated that Marshall had told him that he lied at petitioners trial about petitioners involvement in the crimes. Kitt Marshall, petitioners aunt, averred that Marshall had admitted to her that he killed Reginald Lewis. In her affidavit, petitioners mother, Lucretia Smith, stated that Shenell Owens, a friend of petitioner, told Smith that she lied at petitioners trial.
Four of the affidavits were from friends of petitioner. Rasheen Bledsoe and Clarence Brown averred that they were willing to testify favorably for petitioner at his trial but received threatening phone calls and, consequently, did not testify. Another friend, Jermell Moore, stated that Marshall told him that he and his cousin, Shawn Lacey, had killed Lewis. Finally, in a handwritten affidavit, Shenell Owens stated that she had not testified truthfully at petitioners trial because petitioner had agreed to testify against her brother in an unrelated murder case.
The state filed a motion to dismiss petitioners motion and petition for post-conviction relief, arguing that the trial court lacked jurisdiction over the matter because petitioners direct appeal of his conviction was pending. In a journal entry dated October 23, 1996, the trial court denied the motion for leave to file a new trial motion instanter and dismissed the petition for post-conviction relief without an evidentiary hearing.
This court affirmed petitioners conviction in an opinion rendered November 17, 1997. State v. Smith (Nov. 17, 1997), Cuyahoga App. Nos. 69799, 70451 and 71643, unreported.
On August 5, 1998, the trial court issued findings of fact and conclusions of law with respect to its October 23, 1996 ruling. The trial court concluded that because petitioners appeal was pending when he filed his motion for a new trial, it did not have jurisdiction in the case, and, therefore, denied his motion for a new trial. The trial court also found no substantial grounds for post-conviction relief, stating:
 The affidavits submitted by the Petitioner are not evidence of a violation of his constitutional rights. Exculpatory evidence in the form of a recanting statement made by relatives of the defendant do not constitute a constitutional violation. Recanting evidence is viewed with utmost caution.
 Furthermore, when affidavits are offered in support of a post-conviction relief claim, the court has authority to weigh the credibility of those affidavits and deny the petition based on its personal assessment. State v. Moore (1994), 99 Ohio App.3d 748, 752.
 Utilizing that authority, this Court concludes that the Petitioners attached affidavits are from family members who recanted earlier testimony and now claim his innocence. Accordingly, this Court finds that Petitioners affidavits lack credibility and thus do not constitute evidentiary documents sufficient to support a motion for post-conviction relief. See State v. Kapper (1983), 5 Ohio St.3d 36.
The trial court also concluded, without explanation, that petitioner was not denied effective assistance of counsel during his trial.
Petitioner timely appealed, assigning the following assignments of error for our review:
 I. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT RULED DEFENDANT WAS NOT ENTITLED TO AN EVIDENTIARY HEARING ON HIS MOTION.
 II. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT PROCEEDED TO WEIGH UNCONTESTED AFFIDAVITS.
In his first assignment of error, petitioner argues that the trial court erred in denying his motion for leave to file a motion for a new trial pursuant to Crim.R. 33(A). Petitioner asserts that the affidavits attached to his motion are sufficient evidence that his conviction was based on perjured testimony and that this newly discovered evidence warrants a new trial.
We addressed this issue in petitioners direct appeal. As this court stated in its opinion rendered November 6, 1997 affirming petitioner s conviction:
 A motion for a new trial is inconsistent with a notice of appeal of the judgment sought to be retried. Majnaric v. Majnaric (1975), 46 Ohio App.2d 157, paragraph one of the syllabus. Therefore, when an appeal is pending, the trial court is divested of jurisdiction except to take action in aid of the appeal. Powell v. Turner (1984), 16 Ohio App.3d 404, 405, citing Majnaric, supra.
Petitioner was sentenced by the trial court on October 24, 1995. He filed his notice of appeal on November 6, 1995. On September 20, 1996, while his appeal was pending, petitioner filed a motion for leave to file new trial motion instanter in the trial court. Accordingly, the trial court properly concluded that it did not have jurisdiction to consider petitioners motion for leave to file new trial motion instanter. Petitioners first assignment of error is overruled.
In his second assignment of error, petitioner asserts that the trial court erred in dismissing his motion for post-conviction relief without an evidentiary hearing. Specifically, petitioner asserts that the trial court impermissibly evaluated the credibility of the affidavits in deciding not to grant an evidentiary hearing.
R.C. 2953.21 provides, in pertinent part:
 (C) * * * Before granting a hearing on a petition [for post-conviction relief] the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the courts journal entries, the journalized records of the clerk of the court, and the court reporters transcript.
* * *
 (E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending.
Because a hearing is not automatically required under R.C.2953.21, the pivotal concern is whether there are substantive grounds for relief which would warrant a hearing based upon the petition, the supporting affidavits and the files and records of the case. State v. Swortcheck (1995), 101 Ohio App.3d 770, 772;State v. Strutton (1988), 62 Ohio App.3d 248.
In Swortcheck, supra, we considered whether a trial court must accept as true the affidavits submitted in support of petitions for post-conviction relief. We concluded, "when determining whether there are substantive grounds for post-conviction relief that would warrant a hearing, the affidavits offered in support of the petition should be accepted as true. * * * The credibility of witnesses and any conflict in evidence are properly resolved at the post-conviction hearing, not before." Id. at 772-773.
As we noted recently in State v. Caldwell (Sept. 10, 1998), Cuyahoga App. No. 73748, unreported, however, "Swortcheck was not intended to blindly provide a blanket requirement that all affidavits should be accepted as true." Id. Thus, in determining whether a petition for post-conviction relief states substantive grounds for relief which would warrant a hearing, the affidavits offered in support of the petition generally should be accepted as true provided they do not contain indicia of unreliability and are not patently incredible. Caldwell, supra; State v. Smelcer (Dec. 17, 1998), Cuyahoga App. No. 74948, unreported.
The trial court cited State v. Moore (1994), 99 Ohio App.3d 748, for the proposition that it had the authority to assess the credibility of the affidavits supporting petitioners petition for post-conviction relief. In Moore, the First District Court of Appeals held that when considering a petition for post-conviction relief, a trial court may determine issues of credibility and weight of affidavits without granting a hearing. The First District noted that the trial court could consider the following factors: 1) whether the affidavits were prepared by a person other than the affiant; 2) whether the affiants are relatives of the petitioner; 3) whether the affidavits are identical and rely on hearsay; and 4) whether the judge reviewing the post-conviction relief affidavits is the same judge who presided at the trial. Id. at 754.
Even if that were the rule in this district, which it is not, the affidavits presented here do not present such indicia of unreliability or patent incredibility that they should be totally disregarded. The trial court concluded that all of the affidavits submitted in support of petitioners petition were patently incredible because they were from relatives of petitioner. That is obviously not true — four of the seven affidavits are from friends of petitioner. Moreover, the fact that three of the affidavits in this case are from petitioners relatives may not be as suspect as in other cases because, although the affiants assert petitioners innocence, they implicate another relative, a twist that may make them more, rather than less, believable. Finally, the affidavits submitted by petitioner are not identical and it is not apparent that they were prepared by the same person. Indeed, although six of the seven affidavits are typed, the affidavit of Shenell Owens is handwritten.
Accordingly, the affidavits submitted by petitioner, accepted as true, present sufficient operative facts that petitioners conviction was based on perjured testimony. "While the trial court * * * may ultimately conclude that [petitioners allegations] are not credible, that determination cannot be made without a hearing." Swortcheck, 101 Ohio App.3d at 773. Therefore, the trial court abused its discretion in dismissing petitioners petition for post-conviction relief without holding an evidentiary hearing.
Petitioners second assignment of error is sustained.
This cause is reversed and remanded for further proceedings consistent with the opinion herein.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure
TIMOTHY E. McMONAGLE, PRESIDING JUDGE
KENNETH A. ROCCO, JUDGE
JAMES D. SWEENE, JUDGE