Appellant, Lawrence Murawski, is appealing the trial courts denial of his motion for post-conviction relief. For the following reasons, we affirm.
Appellant was convicted of murder, aggravated murder with mass and felony murder specifications and aggravated burglary with specifications. At trial, Scott Schrader testified that he was at appellant's home on the evening of March 3, 1995. Appellant and Schrader discussed an accusation made by appellant's girlfriend, Donna Yates, that she had been raped by David Manley. Appellant and Schrader went across the street to the home where Manley was staying. Schrader punched Manley. Appellant stabbed and killed Manley. Deloris Naples attempted to stop the fight. Schrader grabbed her and broke her neck. Appellant stabbed and killed Naples.
Appellant's conviction was affirmed on appeal. State v.Murawski (July 17, 1997). Cuyahoga App. No. 70854, unreported. Appellant's second assignment of error argued that the trial court abused its discretion in refusing trial counsel's request to revisit the crime scene for a second jury view, after appellant and his counsel failed to appear for the first jury view. A mix-up occurred as to where the attorneys were to meet for the jury view. Appellant's seventh assignment of error asserted that he was denied effective assistance of counsel because his attorney did not present any defense witnesses. This court noted that appellant was advised of the right to testify on his own behalf, but declined to do so. (Tr. 1208-1210). SeeMurawski, supra at 12.
Appellant's petition for post-conviction relief argued that appellant was denied his right to be present at the jury view, and he did not receive effective assistance of counsel. Appellants affidavit states that neither trial counsel nor the trial judge informed him of the right to be at the jury view. He was at his home across the street from the crime scene when the jury view took place. Appellant and his sister averred that the sister asked the prosecutors about the absence of appellant's counsel. The prosecutors told her to go home.
Appellant and Donna Yates averred that appellant never left the house the evening of the murder or the next morning. Appellant and Yates also stated that Schrader was not at appellant's home that night. Appellant averred counsel would not let him testify. Donna Yates averred that defense counsel was aware that she was willing to testify. Yates averred that she received a subpoena from the prosecutor. On the day she was to testify, defense counsel instructed Yates to leave the Justice Center and hide in counsels office to avoid testifying. It was also averred that defense counsel knew that William Wiley was available to testify. Wiley averred that he saw appellant at home at 5:10 a.m.
 I.
Appellant's first assignment of error states:
 IT WAS REVERSIBLE ERROR FOR THE JURY VIEW TO BE CONDUCTED WITH ONLY THE PROSECUTORS AND THE JURY PRESENT AT THE CRIME SCENE, WITHOUT THE PRESENCE OF APPELLANT AND/OR HIS COUNSEL, AND THE TRIAL COURT ERRED IN REFUSING TO GRANT APPELLANTS MOTION TO REVISIT THE CRIME SCENE, SO THAT HE AND/OR HIS COUNSEL MIGHT BE PRESENT, TOGETHER WITH THE JURY, INASMUCH AS APPELLANT WAS THEREBY DENIED HIS CONSTITUTIONAL AND STATUTORY RIGHTS, AS WELL AS OTHER SUBSTANTIVE RIGHTS CONFERRED BY THE OHIO CRIMINAL RULES.
Appellant contends he was not informed of the right to attend the jury view, so he could not have waived this right.
The Fourteenth Amendment of the United States Constitution does not provide a right for a defendant to attend the jury view, if the defendants presence would be useless or only a shadow benefit. Snyder v. Commonwealth of Massachusetts (1934).291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674. Appellant must show that there is a reasonable possibility that defendant's presence would have been beneficial. Id.
Older Ohio cases have held that a jury view is part of the trial, and the defendant has a right to attend under Section 10. Article I of the Ohio Constitution. Hotelling v. State (Crawford App. 1889), 3 O.C.C. 630. Subsequent cases have held that a view of the crime scene is not evidence or a crucial stage of the proceedings. State v. Richey (1992), 64 Ohio St.3d 353, 366-367,State v. Tyler (1990), 50 Ohio St.3d 24, 38, State v. Smith
(1993) 90 Ohio App.3d 177. R.C. 2945.16 creates a statutory right of the accused to attend the jury view unless appellant waives this right.
To constitute reversible error, appellant must demonstrate that he was prejudiced by his absence from the jury view. See GarfieldHeights v. Sand, Inc. (1963), 120 Ohio App. 1, 7; Snyder, supra.
Appellant argues he is prejudiced because he wished to point out items necessary to the cross-examination of the sole eyewitness, Schrader. In this case, the bailiff conducted the jury view and presumably pointed out items requested by the prosecutor and defense counsel. There is no record showing that prejudice occurred. Prejudice can not be presumed from an unrecorded visit to the crime scene. See Richey; Tyler, supra.
Appellant argues that the failure to make a transcript of the jury view violates his Constitutional rights. Ohio courts have declined to require that a transcript must be taken of the jury view. See Richey; Tyler, supra. Additionally, this argument isres judicata, because it could have been raised on direct appeal. See State v. Szefcyk (1996), 77 Ohio St.3d 93.
Appellant did not demonstrate that he was prejudiced by his failure to attend the jury view. Nor did appellant demonstrate that he was prejudiced by the prosecutors telling appellants sister to go home. There was no evidence the jurors heard this conversation. Even if the jurors did hear the conversation, it was not prejudicial to appellant.
Accordingly, this assignment of error is overruled.
 II.
Appellant's second assignment of error states:
 APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL COUNSEL FAILED TO INFORM HIM OF HIS RIGHT TO BE PRESENT AT THE JURY VIEW, AND FAILED TO HIMSELF ATTEND THE JURY VIEW; AND FAILED TO PRESENT AN ALIBI WITNESS.
In appellant's direct appeal, this court decided that appellant was not denied effective assistance of counsel for counsel's failure to attend the jury view. This issue is res judicata. SeeSzefcik, supra.
To demonstrate ineffective assistance of counsel, appellant must show (1) that counsel substantially violated an essential duty, and (2) appellant was prejudiced by counsel's errors.Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136. Deference is given to the strategic decisions of counsel. Id.
Appellant asserts his counsel was ineffective for failing to inform appellant that he had a right to be present at the jury view. As discussed above, appellant did not show that he was prejudiced by his absence at the jury view.
Appellant argues his counsel failed to call William Wiley as an alibi witness. The failure to subpoena witnesses is not a substantial violation of an attorney's duties to a client in the absence of a showing that the testimony would have assisted the defense. State v. Reese (1982), 8 Ohio App.3d 202; Middletown v.Allen (1989), 63 Ohio App.3d 443, 448. Wiley would have testified that he saw appellant at home at 5:10 a.m. Wiley's testimony could not have changed the outcome of the trial, because Schrader testified that he and appellant went to confront Manley at 11:00 p.m.
Appellant asserts his counsel was ineffective for failing to subpoena Donna Yates. Before the start of the trial, defense counsel stated on the record that he may wish to call Yates and the prosecutor agreed to waive the notice of alibi. Decisions whether to call witnesses concern defense counsel's trial strategy. See State v. Coulter (1992), 75 Ohio App.3d 219; Statev. Hunter (1984), 20 Ohio App.3d 310, 312. Appellant's counsel reasonably could have decided that Yates was not credible or had other damaging testimony to offer. See State v. Allen (Jan. 22, 1998). Cuyahoga App. No. 72231, unreported; State v. Dawson (Jul. 30, 1997). Summit App. No. 18216, unreported. Appellant has not demonstrated that the failure to call Yates was not a reasonable strategic decision.
Additionally, the trial judge may have decided that the affidavits lacked credibility. A trial judge is not required to accept affidavits which, on their face, appear patently incredible. State v. Caldwell (Sept. 10, 1998), Cuyahoga App. No. 73748, unreported (distinguishing State v. Swortcheck (1995),101 Ohio App.3d 770); State v. Moore (1994), 99 Ohio App.3d 748;State v. Smith (Oct. 13, 1997), Butler App. No. CA-97-01-011 unreported, (Feb. 10, 1999) Ohio S.Ct. No. 97-2730, ___ Ohio St.3d ___ (Held that there was no conflict with Swortcheck, supra.) Yates averred that she received a subpoena from the prosecution, but the record does not indicate that such a subpoena was issued.
Appellant failed to present evidence or sufficient operative facts to show that counsel's performance was deficient and that appellant was prejudiced thereby. See State v. Swortcheck (1995).101 Ohio App.3d 770.
Accordingly, this assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PORTER, A.J. AND ROCCO, J. CONCUR.
 _________________________ ANN DYKE JUDGE
N.B. This entry is an announcement of the court's decision. See App. R. 22(B), 22(D) and 26(A); Loc. App. R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App. R. 22(E) unless a motion for reconsideration with supporting brief, per App. R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App. R. 22(E). See, also S.Ct. Prac. R. II, Section 2(A)(1)