Defendant-appellant Kent B. Grover appeals pro se from the trial court's denial of his petition for post-conviction relief (R.C. 2953.21). Defendant contends that he was deprived of his constitutional right to effective assistance of counsel which resulted in his conviction for murder rather than involuntary manslaughter. We find no merit and affirm.
Defendant was indicted for aggravated murder in the stabbing death of his girlfriend. On February 24, 1997, he was found guilty of murder following a bench trial. His conviction was affirmed on appeal to this Court. Reference is made to our previous opinion for a detailed statement of the facts. State v.Grover (Feb. 12, 1998), Cuyahoga App. No. 72250, unreported.
Defendant's subsequent petition to vacate or set aside his conviction was denied by the trial court on March 6, 1998 pursuant to findings of fact and conclusions of law which found that defendant failed to set forth substantial grounds for relief.
We will construe defendant's pro se assignments of error together for ease of discussion and because the same legal principles are applicable to them.
Although not specifically set forth, defendant argues he was denied effective assistance of counsel on four matters: (1) he was not given the opportunity to view Dr. Kaplan's psychiatric report or his testimony before it was presented in court; (2) a telephone conversation between the victim's son and a Ms. Balmer, a private investigator and prosecution witness, was never offered in evidence; (3) lack of proper cross-examination of the State's witnesses; and (4) counsel failed to call Dr. Petrov who was treating defendant for a nervous breakdown and ulcer with Zantac and Xanax. Defendant also contends his civil rights were abridged because he was not told of the rights he was relinquishing by choosing a trial to the court rather than a jury. We find no merit to these contentions for the reasons hereinafter stated.
It is well settled that a hearing is not automatically required to be held whenever a petition for post-conviction relief is filed. State, ex rel. Jackson v. McMonagle (1993), 67 Ohio St.3d 450. The pivotal concern in determining whether to grant a hearing on a motion for post-conviction relief is whether there are substantive grounds for relief which would warrant a hearing based upon the petition, the supporting affidavits, and the files and records of the case. State v. Swortcheck (1995), 101 Ohio App.3d 770,772; State v. Strutton (1988), 62 Ohio App.3d 248.
The post-conviction remedy statute, R.C. 2953.21 (C), states in pertinent part:
 * * * Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. The court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.
Pursuant to R.C. 2953.21 (C), the trial court dismissed defendant's post-conviction petition and issued findings of fact and conclusions of law on each issue raised in the petition. (Findings of Fact and Conclusions of Law filed March 6, 1998).
As the statute makes clear, "Courts are not required to hold a hearing on all post-conviction cases." McMonagle, supra, at 451, citing R.C. 2953.21 (C). This Court stated the test to be applied in determining the necessity of a hearing in State v. Pariseau
(Dec. 15. 1994), Cuyahoga App. No. 67496, unreported at 4-5:
 A petition for post-conviction relief may be dismissed without a hearing when the petitioner fails to submit with his petition evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief. State v. Jackson (1980), 64 Ohio St.2d 107. The test to be applied is "whether there are substantive grounds for relief that would warrant a hearing based upon the petition, the supporting affidavits and the files and records in the case." State v. Strutton (1988), 62 Ohio App.3d 248, 251. A petitioner satisfies his initial burden by submitting evidence outside the record sufficient to avoid dismissal. See State v. Williams (1991), 74 Ohio App.3d 686, 692.
All of defendant's assignments of error are barred by the doctrine of res judicata. Because post-conviction petitions are quasi-civil, any claim that was or could have been raised at trial or on appeal is barred by the doctrine of res judicata. The Ohio Supreme Court has held:
 Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.
State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus.
The Ohio Supreme Court has held that a petition for postconviction relief alleging ineffective assistance of trial counsel may be dismissed without a hearing based on res judicata where the petitioner had new counsel on direct appeal and the claim of ineffective assistance of counsel could have been raised on direct appeal without resorting to evidence outside of the record. See State v. Lentz (1994), 70 Ohio St.3d 527, 530, citingState v. Cole (1982), 2 Ohio St.3d 112, at syllabus. Competent, relevant, and material evidence de hors the record may defeat the application of res judicata. State v. Lawson (1995),103 Ohio App.3d 307. However, this evidence must demonstrate that the petitioner could not have appealed the constitutional claim by use of information found in the original record. Id.
In the instant case, defendant was represented by Attorney Gerald Gold at trial and by Attorney Patricia Smith on direct appeal. However, defendant failed to raise the issue of ineffective assistance of trial counsel on direct appeal. Because this issue could have been raised by appellate counsel in his direct appeal, it is now precluded.
Furthermore, defendant did not provide in his petition any evidence de hors the record to establish trial counsel's ineffectiveness. He relies entirely on information found in the original record. In a petition for post-conviction relief alleging ineffective assistance of counsel, the petitioner bears the initial burden of submitting evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that counsel's ineffectiveness prejudiced the defense. State v. Jackson (1980), 64 Ohio St.2d 107. Defendant failed to provide any affidavits or other evidentiary documents outside of the original trial record in support of his ineffective assistance claims.
The only issue remaining before this Court is whether the trial court abused its discretion in dismissing the petition without a hearing. Absent a showing of abuse of discretion, a reviewing court will not overrule the trial court's findings on a post-conviction petition which is supported by competent and credible evidence. State v. Mitchell (1988), 53 Ohio App.3d 117,119. An abuse of discretion connotes more than an error of law or judgment; it implies conduct that is unreasonable, arbitrary or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157. As discussed above, a petition for post-conviction relief may be dismissed without a hearing if the petitioner fails to submit evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief. Pariseau, supra. In the instant case, defendant did not support his ineffective assistance of counsel claims with sufficient, competent, relevant and material evidence outside of the record to defeat the application of res judicata to his post-conviction petition. Defendant presented no evidentiary documents which demonstrate that counsel was not competent and that the defense was prejudiced by the ineffectiveness. Therefore, defendant failed to satisfy his burden. The trial court's dismissal of defendant's petition without a hearing was not arbitrary, unreasonable or unconscionable to constitute an abuse of discretion.
Defendant also argues that his civil rights were violated because he was not told of the rights he was relinquishing by waiving his right to a jury trial. However, this claim could have been put forth in a direct appeal, but was not, and is therefore now barred by the doctrine of res judicata as previously discussed.
Defendant's assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
O'DONNELL, J., and ROCCO, J., CONCUR.
 ___________________________________ JAMES M. PORTER ADMINISTRATIVE JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22(B). 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. 112, Section 2 (A) (1).