JOURNAL ENTRY AND OPINION
Petitioner-appellant Bobby Harris, pro se, ("appellant") appeals from the denial of his petition for post-conviction relief.
Appellant assigns the following errors for review:
 I. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION THEREBY DEPRIVING PETITIONER/APPELLANT DUE PROCESS OF LAW WHEN IT DISMISSED PETITIONER'S "POST CONVICTION RELIEF" PETITION WITHOUT A HEARING, WHERE "ARGUABLE MERIT" DID EXIST, AND WHERE PETITIONER HAD ALLEGED A PRIMA FACIE CASE FOR RELIEF.
 II. WHETHER PETITIONER WAS DEPRIVED OF HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE "CONFLICT-FREE" REPRESENTATION IN THE "PRE-TRIAL" AND "TRIAL" STAGE OF THE CRIMINAL PROCEEDINGS.
 III. WHETHER THE MISCONDUCT OF THE STATE PROSECUTOR WAS SO PREJUDICIAL SO AS TO DEPRIVE PETITIONER OF SUBSTANTIVE AND PROCEDURAL DUE PROCESS, AND THE RIGHT TO A "FAIR" TRIAL.
 IV. WHETHER THE CUMULATIVE EFFECT OF THE "SYSTEMIC ERRORS" WHICH OCCURRED THROUGHOUT THE PRETRIAL AND TRIAL STAGE OF THE CRIMINAL PROCEEDINGS DID VIOLATE CONSTITUTIONAL DUE PROCESS AND DEPRIVED PETITIONER OF THE RIGHT TO A FUNDAMENTALLY FAIR TRIAL.
Finding the appeal to have merit, the judgment of the trial court is reversed.
 I.
Appellant was convicted for murder and three counts of felonious assault. All of the counts contained gun specifications. The charges stemmed from the February 9, 1992, death of Troy Wright and the shooting of three other men. The trial court sentenced appellant to fifteen years to life for the murder plus three years for the gun specification, eight to fifteen years for two of the felonious assault charges plus an additional eight to fifteen years for the last count of felonious assault, all to be served consecutively. This court affirmed appellant's conviction and sentence in State v. Harris (July 21, 1994), Cuyahoga App. No. 65826, unreported.
On September 25, 1996, appellant filed a petition to vacate and set aside his sentence pursuant to R.C. 2953.21. Appellant requested an evidentiary hearing on the matter. In his petition, appellant raised claims of ineffective assistance of counsel and prosecutorial misconduct. The affidavits of three witnesses were attached in support of appellant's petition. Those witnesses averred they were speaking with appellant when they heard shots fired and that appellant's attorney did not call them as witnesses. One of the witnesses. Jerome Jones, stated that he was at the courthouse with the intention of testifying when the prosecutor told Jones he would not be going into the trial. Jones also claimed that defense counsel refused to allow Jones to testify. Appellant included his own affidavit in support of his petition in which appellant averred that he informed his attorney about eyewitnesses who could verify that appellant was not involved in the shooting. None of the witnesses testified at appellant's trial. Appellant also attached the affidavit of Dwayne Hudson, who stated that he saw another man with a gun shortly before the shooting and that he was with one of the victims later. The victim told Hudson that he did not know who shot him. The trial court denied appellant's petition and found appellant received effective assistance of counsel and that all other matters raised in appellant's petition were barred by resjudicata. The trial court dismissed appellant's petition without a hearing because it determined appellant did not submit evidentiary documentation of sufficient quality in support of the petition.
 II.
Appellant's first two assignments of error will be addressed together as appellant incorporated his argument for his first assignment of error in support of his second assignment of error. Appellant contends the trial court erred in dismissing his petition for post-conviction relief because appellant did not receive effective assistance of counsel at trial. Appellant argues that his attorney did not call witnesses at trial who had exculpatory evidence to offer. Appellant states that defense counsel spoke to the witnesses prior to trial but then inexplicitly did not have the witnesses testify.
R.C. 2953.21(A) provides:
 Any person convicted of a criminal offense or adjudged delinquent claiming that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, may file a petition at any time in the court which imposed sentence, stating the grounds for relief upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file such supporting affidavit and other documentary evidence as will support his claim for relief.
A petition for post-conviction relief will be granted only where the denial or infringement of constitutional rights is so substantial as to render the judgment void or voidable. Relief is not available when the issue has been litigated by appeal or upon a motion for a new trial. State v. Walden (1984), 19 Ohio App.3d 141,146. The claim must depend on factual allegations which cannot be determined by an examination of the files and records of the case. State v. Milanovich (1975), 42 Ohio St.2d 46, paragraph one of the syllabus. Constitutional issues which could have been raised on appeal but were not will be barred by resjudicata. State v. Perry (1967), 10 Ohio St.2d 175.
The doctrine of res judicata bars a claim of ineffective assistance of counsel when a defendant is represented by new counsel on direct appeal and the issue could have been determined without resort to evidence de hors the record. State v. Cole
(1982), 2 Ohio St.3d 112, syllabus. Competent, relevant, and material evidence de hors the record may defeat the application of res judicata. This evidence must demonstrate that the petitioner could not have appealed the constitutional claim by use of information found in the original record. State v. Lawson
(1995), 103 Ohio App.3d 307. The petitioner must submit evidentiary documents which contain sufficient operative facts to demonstrate that counsel was not competent and that the defense was prejudiced by the ineffectiveness. State v. Jackson (1980),64 Ohio St.2d 107. If the petitioner fails to meet this burden, the trial court may dismiss the petition for post-conviction relief without a hearing. Id.
Appellant was represented by different counsel on appeal. However, the evidentiary materials offered in support of appellant's petition for post-conviction relief relate to mattersde hors the record. The affidavits are from alleged witnesses who did not testify at trial. Appellant could not have raised the issue of his counsel's failure to call these witnesses on direct appeal because there was nothing in the trial record relating to these witnesses. Res judicata usually does not bar a defendant from addressing his attorney's effectiveness in a petition for post-conviction relief when evidence de hors the record is introduced. Usually, such evidence will mandate a hearing or at least avoid a dismissal on the basis of res judicata. State v.Cole (1982), 2 Ohio St.3d 112, 114.
The claim of ineffective assistance of counsel requires proof that "counsel's performance is proved to have fallen below an objective standard of reasonable representation" and, in addition, prejudice arises from counsel's performance. State v.Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. The establishment of prejudice requires proof "that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id. at paragraph three of the syllabus.
The burden is on the defendant to prove ineffectiveness of counsel. State v. Smith (1985), 17 Ohio St.3d 98. Trial counsel is strongly presumed to have rendered adequate assistance. Id. An appellate court will not second-guess what could be considered to be a matter of trial strategy. Id.
The failure to call defense witnesses usually is considered to be a matter of trial strategy. State v. Oliver (1995). 101 Ohio App.3d 587. Absent a showing of prejudice, the failure to call defense witnesses does not deprive a defendant of effective assistance of counsel. State v. Williams (1991), 74 Ohio App.3d 686,695. An evidentiary hearing should be held where the petitioner submits affidavits naming uncalled witnesses whose testimony may have demonstrated evidence significant to the defendant. State v. Scott (1989), 63 Ohio App.3d 304.
In State v. Swortcheck (1995), 101 Ohio App.3d 770, this court held that when a trial court is making the determination as to whether a hearing should be held, the affidavits offered in support of the petition should be accepted as true. The affidavits need only present sufficient prima facie evidence of ineffective assistance of counsel to warrant a hearing on the petition. Id. This court reversed the dismissal of the petition in Swortcheck because the defense attorney knew about potential witnesses but failed to interview them or call the witnesses at trial.
When assessing whether or not to grant a hearing, the trial court should examine the contents of the affidavits offered in support of the petition. A trial court may discount self-serving affidavits from the petitioner or his family members, identical affidavits, or affidavits which rely on hearsay as not being credible. State v. Moore (1994), 99 Ohio App.3d 748. Also, the affiant should have first hand knowledge of the events related in the affidavit. State v. Roberts (Dec. 3, 1998), Cuyahoga App. No. 73641, unreported. The trial court should consider whether the judge who reviewed the post conviction affidavits is the same judge who presided as trial judge. State v. Samuels (Nov. 19, 1998), Cuyahoga App. No. 74677, unreported.
The trial judge who dismissed appellant's petition for post-conviction relief was not the same judge who presided over appellant's trial. There is no evidence in the record indicating that the affiants are related to appellant or are close friends. Three of the affiants averred that they were speaking with appellant at or near the time they heard the gunfire. Another affiant stated he was outside the bar when a man holding a gun walked past him shortly before shots were fired. Two of the affiants stated they were at court to testify in appellant's behalf but were not called as witnesses by defense counsel.
The affidavits appellant offered in support of his petition for post-conviction relief, if accepted as true, were based upon first-hand knowledge and related facts which were beneficial to appellant. No transcript of appellant's trial is included in the record on appeal. Without a transcript, this court cannot be assured appellant was not prejudiced by the failure of defense counsel to call witnesses who apparently had exculpatory evidence to offer in appellant's defense. Under Swortcheck, appellant presented evidence of sufficient quality to warrant a hearing.
Appellant's first and second assignments of error have merit.
 III.
Appellant's third assignment of error argues he did not receive a fair trial due to prosecutorial misconduct. Appellant asserts that the prosecutor knowingly withheld information regarding a "deal" made between the state and one of the prosecution's witnesses. Further, appellant argues that the prosecutor prevented a defense witness from testifying. Appellant presented no evidence to support his allegation pertaining to any sort of deal offered to a witness in order to obtain testimony against appellant at trial. The only evidence that the prosecutor prevented a defense witness from testifying was the statement by the witness that the prosecutor saw the witness in the hall. The prosecutor told the witness he would not be going into the trial and then laughed. That same witness averred that defense counsel refused to call the witness because the witness was labeled by police as a gang member. Even if the prosecutor made such a statement to the witness, it was defense counsel's choice not to present the testimony of the witness. The prosecutor did not prevent the witness from testifying. Appellant has presented no evidence of prosecutorial misconduct.
Appellant's third assignment of error is overruled.
 IV.
Appellant's fourth assignment of error contends that cumulative errors occurred throughout the pretrial and trial which deprived appellant of due process and a fair trial. Appellant does not state what errors supposedly occurred or why the errors would not be barred by the doctrine of res judicata. Appellant could have raised any alleged errors in his direct appeal.
Appellant's fourth assignment of error lacks merit.
Judgment reversed and remanded for hearing.
The judgment of the trial court is reversed and remanded for further proceedings consistent with this Journal Entry and Opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
JAMES D. SWEENEY. J., CONCURS:
TERRENCE O'DONNELL. P.J., DISSENTS.
(See Dissenting Opinion Attached)
 ______________________________ LEO M. SPELLACY JUDGE