[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 319.]

THE STATE OF OHIO, APPELLANT, *v*. HARRIS, APPELLEE.

[Cite as *State v. Harris*, 2000-Ohio-339.]

*Discretionary appeal allowed—Court of appeals' judgment reversed on authority of State v. Calhoun.*

(No. 99-2087—Submitted February 8, 2000—Decided April 5, 2000.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 74518.

_____

*William D. Mason*, Cuyahoga County Prosecuting Attorney, and *Lisa Reitz Williamson*, Assistant Prosecuting Attorney, for appellant.

_____

{¶ 1} The discretionary appeal is allowed.

{¶ 2} The judgment of the court of appeals is reversed on the authority of *State v. Calhoun* (1999), 86 Ohio St.3d 279, 714 N.E.2d 905.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and LUNDBERG STRATTON, JJ., concur.

PFEIFER and COOK, JJ., dissent.

_____

**COOK, J., dissenting.**

{¶ 3} I respectfully dissent. The state argues that the court of appeals erroneously relied on *State v. Swortcheck* (1995), 101 Ohio App.3d 770, 656 N.E.2d 732, when it should have relied on *State v. Calhoun* (1999), 86 Ohio St.3d 279, 714 N.E.2d 905. *Swortcheck* held that courts should accept as true affidavits in support of a petition for post-conviction relief when deciding whether to hold a hearing. But this court recently held in *Calhoun* that, when considering whether to hold a hearing on a petition, a trial court may discount such affidavits under certain circumstances.

**{¶ 4}** Though the court of appeals here did cite *Swortcheck* and not *Calhoun*, it nevertheless explicitly acknowledged a trial court's power to discount affidavits as set forth in *Calhoun*. The appeals court grounded its decision to reverse on several of the factors enumerated in *Calhoun*, such as whether the judge reviewing a post-conviction relief petition is the same judge who presided at trial, whether the affidavits contain or rely on hearsay, and whether the affiants are relatives of the petitioner or other interested persons. *Id.* at 285, 714 N.E.2d at 911-912. The court of appeals even cited the case from which *Calhoun* adopted that list of factors, *State v. Moore* (1994), 99 Ohio App.3d 748, 651 N.E.2d 1319. Moreover, the *Calhoun* factors not mentioned by the court of appeals, namely, whether the language of the affidavits is identical or otherwise indicates that they were drafted by the same person and whether the affidavits contradicted evidence proffered by the defense at trial, do not appear to tip the balance in favor of discounting these affidavits. The appellate court's discussion of the affidavits suggests that they varied in content and contained information that would not likely have been contradicted by the defense at trial. *Calhoun* mentions internal inconsistency in an affidavit, as well as inconsistency between an affidavit and any trial testimony by the same witness, as factors tending to indicate weakness in an affidavit's credibility. But the affiants here did not testify at trial, and there is no indication that the affidavits were internally inconsistent.

**{¶ 5}** Thus, the court of appeals correctly analyzed the issue despite having cited *Swortcheck* and not *Calhoun*. I would, therefore, affirm the judgment of the court of appeals.

PFEIFER, J., concurs in the foregoing dissenting opinion.

————————————