JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from an order of Judge Nancy R. McDonnell that denied Ricardo Gray's motion for a new trial or, in the alternative, for postconviction relief. Gray contends he was entitled to a hearing on his motion for a new trial because of new information and that, in light of a new interpretation of law, he was denied his due process rights when his petition for postconviction relief was denied. We affirm.
 {¶ 2} From the record we glean the following: In November of 1998, Gray was indicted on one count of aggravated murder with a firearm specification, and two counts of attempted aggravated murder, both with firearm specifications, one count of attempted aggravated murder was later dismissed because the victim could not be identified. Following a jury trial, he was convicted on count one of the lesser included offense of murder with a firearm specification, and on count two of the lesser included offense of felonious assault, also with a firearm specification. He was sentenced to fifteen years to life on the murder charge, five years on the felonious assault charge, and three years on the firearm specifications, sentences to be served consecutively.
 {¶ 3} Gray appealed ("Gray I"), this court affirmed his convictions,[1] and the Ohio Supreme Court declined further review.[2]
He then moved to reopen his appeal ("Gray II") because of his appellate lawyer's failure to raise certain arguments. This court allowed this reopening, but only on the limited issue of consecutive sentences.[3]
Gray again appealed to the Ohio Supreme Court on the partial denial of his motion to reopen, and the Supreme Court again declined review.[4]
 {¶ 4} This court then vacated his sentence and remanded the case for re-sentencing in Gray III.[5] Upon remand, the judge imposed the same sentence, Gray again appealed, ("Gray IV") and we again vacated his sentence and remanded.[6] Following the second remand, Gray moved for a new trial, citing newly discovered evidence, or, in the alternative, a petition for postconviction relief.[7] The judge denied his motions, and Gray again appealed asserting two assignments of error, set forth in Appendix A.
 NEED FOR A HEARING {¶ 5} Although Gray asserts that he is entitled to a hearing on his motion(s), his petition is untimely under both the postconviction relief statute, R.C. 2953.21, and Crim.R. 33(B) governing motions for a new trial.
 {¶ 6} R.C. 2953.21(A)(2) states,
"A petition under division (A)(1) of this section shall be filed nolater than one hundred eighty days after the date on which the trialtranscript is filed in the court of appeals in the direct appeal of thejudgment of conviction or adjudication or, if the direct appeal involvesa sentence of death, the date on which the trial transcript is filed inthe supreme court. If no appeal is taken, the petition shall be filed nolater than one hundred eighty days after [*5] the expiration of the timefor filing the appeal."
 {¶ 7} Crim.R. 33(B) provides in pertinent part:
"Motions for new trial on account of newly discovered evidence shall befiled within one hundred twenty days after the day upon which the verdictwas rendered, or the decision of the court where trial by jury has beenwaived. If it is made to appear by clear and convincing proof that thedefendant was unavoidably prevented from the discovery of the evidenceupon which he must rely, such motion shall be filed within seven days froman order of the court finding that he was unavoidably prevented fromdiscovering the evidence within the one hundred twenty day period."
 {¶ 8} This court held in State v. Keenan,[8] the exception stated in Crim.R. 33(B) for evidence that a defendant was "unavoidably prevented" from timely presenting is consistent with the standard for untimely postconviction relief petitions stated in R.C. 2953.23, which provides:
"(A) Whether a hearing is or is not held on a petition filed pursuantto section 2953.21 of the Revised Code, a court may not entertain apetition filed after the expiration of the period prescribed in division(A) of that section or a [*6] second petition or successive petitions forsimilar relief on behalf of a petitioner unless both of the followingapply: (1) Either of the following applies:
 The petitioner shows that the petitioner was unavoidably prevented fromdiscovery of the facts upon which the petitioner must rely to present theclaim for relief. (b) Subsequent to the period prescribed in division(A)(2) of section 2953.21 of the Revised Code or to the filing of anearlier petition, the United States Supreme Court recognized a newfederal or state right that applies retroactively to persons in thepetitioner's situation, and the petition asserts a claim based on thatright. (2) The petitioner shows by clear and convincing evidence that,but for constitutional error at trial, no reasonable factfinder wouldhave found the petitioner guilty of the offense of which the petitionerwas convicted or, if the claim challenges a sentence of death that, butfor constitutional error at the sentencing hearing, no reasonablefactfinder would have found the petitioner eligible for the deathsentence."
 {¶ 9} Gray's newly discovered evidence comes in the form of two affidavits from witnesses who testified at trial: Anthony Mixon and Arthur Jackson, Sr., who were cross-examined by Gray's lawyer and who asserted throughout the trial that Gray was the shooter. Each now asserts he was coerced into identifying Gray as the shooter; Mixon, on parole at the time of the shooting, claims to have been coerced by the police to avoid going back to prison, and Jackson by "the Kinsman boys" out of personal fear, but for what reason he does not explain.
 {¶ 10} Recantations of prior testimony are to be examined with utmost suspicion.[9] "Recantation by a significant witness does not, as a matter of law, entitle the defendant to a new trial. This determination is left to the sound discretion of the trial court."[10]
 {¶ 11} For a new trial to be granted, the moving party must show that the evidence now presented is material, and had this evidence been available at trial, there is a strong possibility that the trial would have produced a different result.[11] Not only has Gray failed to follow the time limitations imposed by Crim.R. 33 and R.C. 2953.21 by seeking this relief over two years after his convictions, he also failed to provide proof that his "newly discovered evidence" would have provided a different result at trial.
 {¶ 12} In addition, he did not follow the correct procedural guidelines for submitting newly discovered evidence. He should have filed for leave to file a delayed motion for new trial, demonstrating in this initial filing why he was prevented from ascertaining the evidence that is the grounds for the new trial motion. "From the language of the rule, it is clear that a two step process is anticipated when the motion is made outside the period during which motions for a new trial are permitted as a matter of course."[12]
 {¶ 13} Gray contends that this court's decision in State v.Swortcheck[13] supports the proposition that he was automatically entitled to a hearing in light of the new information presented by Jackson and Mixon. We held, "when determining whether there are substantive grounds for postconviction relief that would warrant a hearing, the affidavits in support of the petition should be accepted as true."[14] Swortcheck, however, involved a claim of ineffective assistance of counsel under the particular facts of the case. "Swortcheck was not intended to blindly provide a blanket requirement that all affidavits should be accepted as true."[15]
 {¶ 14} Accordingly, the judge does not have to accept as true any of the affidavits submitted in a petition for postconviction relief, but may weigh their credibility.[16] The first assignment of error lacks merit.
 CLARIFICATION OF THE CRIME OF FELONIOUS ASSAULT. {¶ 15} Because of the Ohio Supreme Court's decision in State v.Barnes,[17] which held that felonious assault was not a lesser included offense of either attempted aggravated murder or aggravated murder, Gray contends his convictions cannot stand
 {¶ 16} Although we agree that Barnes applies retroactively, as does any decision of the Ohio Supreme Court that does not specify that it is "prospective only,[18] such retroactive application applies only to those cases where the direct appeal is still pending. Gray was convicted in February of 1999, and his conviction was affirmed in his direct appeal in July of 2000. He may not now assert a charge of an erroneous conviction over three years after his direct appeal was resolved.
 {¶ 17} The United States Supreme Court and this court have consistently followed the doctrine outlined in United States v. TheSchooner Peggy,[19] which held:
"* * * if, subsequent to the judgment and before the decision of theappellate court, a law intervenes and positively changes the rule whichgoverns, * * * the court must decide according to existing law, and if itbe necessary to set aside a judgment * * * which cannot be affirmed, butin violating the law, the judgment must be set aside."
 {¶ 18} In State v. Jenkins,[20] this court addressed the issue of retroactivity, holding that there are no exceptions to retroactivity when defendants have exhausted their direct appeals. We followed the rationale of Griffith v. Kentucky,[21] which stated:
"We therefore hold that a new rule for the conduct of criminalprosecutions is to be applied retroactively to all cases, state orfederal, pending on direct review or not yet final, with no exception forcases in which the new rule constitutes a "clear break" with the past."
 {¶ 19} Barnes need only be applied to cases where defendants have not exhausted their direct appeals and is therefore not applicable here.
 {¶ 20} To maintain the finality of its decisions, the Ohio Supreme Court has refused to extend retroactive application of a new law beyond pending, direct appeals.[22] When Gray was convicted, felonious assault was a lesser included offense of attempted murder, and it was correct to give the jury the felonious assault instruction. The jury decided that the evidence was not sufficient to convict on the attempted murder charges, but did determine that the evidence was sufficient to prove the felonious assault, and Gray's 1999 convictions were valid at the time.
 {¶ 21} Had the Barnes decision been in effect in 1999, it would have been error to give the jury a lesser included offense instruction and, in turn, error for the jury to convict Gray of an offence for which he was not charged. The second assignment lacks merit.
 {¶ 22} The judgment is affirmed.
Judgment affirmed.
 APPENDIX A — ASSIGNMENTS OF ERROR "I. Defendant was denied due process of law when the court denied hismotion for a new trial without an evidentiary hearing."
 "II. Defendant was denied due process of law when the court overruleddefendant's petition for Postconviction relief based on a NewInterpretation of th [sic] law by the Ohio Supreme Court."
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Diane Karpinski, J., and Michael J. Corrigan, P.J., concurs in Judgment only.
[1] State v. Gray (July 27, 2000), Cuyahoga App. No. 76170.
[2] State v. Gray, Cuyahoga App. No. 76170, dismissal sua sponte (Nov. 22, 2000), Sup.Ct. No. 00-1630.
[3] State v. Gray (Sept. 17, 2001), Cuyahoga App. No. 76170, application granted in part and denied in part.
[4] State v. Gray, Cuyahoga App. No. 76170, dismissal sua sponte (Dec. 19, 2001), Sup.Ct. No. 01-1871.
[5] State v. Gray (Mar. 14, 2002), Cuyahoga App. No. 76170, vacated and remanded for re-sentencing.
[6] State v. Gray (Jan. 30, 2003), Cuyahoga App. No. 81474, vacated and remanded for re-sentencing.
[7] The docket does not reflect that Gray has been re-sentenced as required in Gray IV.
[8] State v. Keenan (Feb. 1, 2001), Cuyahoga App. No. 77480.
[9] State v. Germany (Sept. 30, 1993), Cuyahoga App. No. 63568, citingUnited States v. Lewis (C.A. 6, 1964), 338 F.2d 137, 139.
[10] State v. Walker (1995), 101 Ohio App.3d 433, 435, 655 N.E.2d 823, citing State v. Lane (1976), 49 Ohio St.2d 77, 358 N.E.2d 1081, 5 O.O. 45.
[11] State v. King (1989), 63 Ohio App.3d 183, 578 N.E.2d 501.
[12] State v. Dawson (July 14, 1999), Medina App. No. 19179.
[13] (1995), 101 Ohio App.3d 770, 656 N.E.2d 732.
[14] Id. at 772.
[15] State v. Caldwell (Sept. 10, 1998), Cuyahoga App. No. 73748.
[16] State v. Saylor (1998), 125 Ohio App.3d 636, 709 N.E.2d 231.
[17] (2002), 94 Ohio St.3d 21, 25-27, 759 N.E.2d 1240, 1245-1247.
[18] State ex rel Bosch v. Indus. Comm. (1982), 1 Ohio St.3d 94,438 N.E.2d 415.
[19] (1801), 5 U.S. (Cranch) 103, 2 L.Ed.49.
[20] (1987), 42 Ohio App.3d 97, 536 N.E.2d 667.
[21] Griffith v. Kentucky (1987), 479 U.S. 314, 107 S.Ct. 708,93 L.Ed.2d 649.
[22] State v. Reynolds (1997), 79 Ohio St.3d 158, 679 N.E.2d 1131.