The STATE of Ohio, Appellee,

v.

DePEW, Appellant.

[Cite as *State v. DePew* (1994), 97 Ohio App.3d 111.]

Court of Appeals of Ohio,
Butler County.

No. CA94–03–083.

Decided Sept. 19, 1994.

*John F. Holcomb,* Butler County Prosecuting Attorney, and *Daniel G. Eichel,* Assistant Prosecuting Attorney, for appellee.

*Gloria Eyerly,* Ohio Public Defender, *Richard J. Vickers* and *Jane P. Perry,* for appellant.

---

JONES, Presiding Judge.

Defendant-appellant, Rhett Gilbert DePew, appeals an order of the Butler County Court of Common Pleas granting a motion for summary judgment by plaintiff-appellee, the state of Ohio (the "state"), with respect to appellant's second petition for post-conviction relief.

On June 19, 1985, appellant was found guilty by a jury on three counts of aggravated murder in violation of R.C. 2903.01(B) and accompanying specifications. On June 21, 1985, the jury recommended that appellant be sentenced to death. On June 25, 1985, the trial judge, Judge John R. Moser, imposed a death sentence. These convictions and sentences were affirmed by this court on direct appeal in *State v. DePew* (June 29, 1987), Butler App. No. CA85-07-075, unreported, 1987 WL 13709, and by the Ohio Supreme Court in *State v. DePew* (1988), 38 Ohio St.3d 275, 528 N.E.2d 542. The United States Supreme Court denied appellant's writ of certiorari. *DePew v. Ohio* (1989), 489 U.S. 1042, 109 S.Ct. 1099, 103 L.Ed.2d 241.

In October 1989, appellant filed a petition for post-conviction relief in the trial court. On August 17, 1990, the trial court granted the state's motion for summary judgment and dismissed appellant's petition. That judgment was affirmed on direct appeal by this court in *State v. DePew* (Aug. 10, 1992), Butler App. No. CA90-09-187, unreported, 1992 WL 193691, motion for leave to appeal overruled, 65 Ohio St.3d 1475, 604 N.E.2d 167.

On September 16, 1993, appellant filed another petition for post-conviction relief in the trial court. The petition raised three claims, all grounded upon statements attributed to Judge Moser, the trial judge in 1985, in a newspaper article published in the Cincinnati Post on June 26, 1985, one day after the trial judge's sentencing decision. On September 17, 1993, the state filed its answer and motion for summary judgment. On February 3, 1994, the depositions of Dick Perry, the Cincinnati Post reporter who wrote the June 26, 1985 newspaper

article, and Judge Moser were taken. The trial court held a hearing on February 25, 1994. On March 1, 1994, the trial court granted the state's motion for summary judgment. Appellant timely filed this appeal and raises four assignments of error.

Appellant's first assignment of error reads as follows:

"The trial court erred by granting summary judgment to the prosecution on appellant's first cause of action."

■ Under this assignment of error, appellant argues that in light of the depositions and the trial judge's remarks quoted in the article, the trial court erred in finding there was no genuine issue of material fact as to whether the trial judge conducted his own, independent sentencing determination as required by R.C. 2929.03(D)(3) when he sentenced appellant to death.

Under R.C. 2953.21, a petition for post-conviction relief is subject to dismissal without a hearing if the petitioner, here appellant, fails to submit with his petition evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief. *State v. Jackson* (1980), 64 Ohio St.2d 107, 18 O.O.3d 348, 413 N.E.2d 819. Since a petition for post-conviction relief under R.C. 2953.21 is a civil proceeding, summary judgment granted pursuant to R.C. 2953.21(D) is governed by Civ.R. 56. Under Civ.R. 56, summary judgment shall be rendered when there is no genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made, who is entitled to have the evidence construed most strongly in his favor. *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, citing *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47.[1]

The relevant part of the article quotes the trial judge as stating: "I thought that [a death sentence] would be the jury's recommendation, and I thought the jury did the right thing. * * * I was thinking about how I would have to impose the death penalty even when the jury was still deliberating it."

With regard to the article, Judge Moser's deposition reads as follows:

"* * * And then it says, 'I was thinking about how I would have to impose the death penalty even when the Jury was still deliberating it.'

"Yes, I was concerned about that I might have to impose that death penalty while the Jury was deliberating, and *that's why I was deliberating not only*

---

1. The foregoing standards of review will apply to appellant's first three assignments of error as they all state that the trial court erred in granting summary judgment to the state with respect to appellant's petition for post-conviction relief.

*during the penalty phase but while the Jury was deliberating* I am likewise going over my two columns.

"But as I say, the one column isn't as important in aggravating circumstances because it's just pick up the indictment and see that, but the other column, that's when I begin isolating what's truly mitigating in this case and what's sympathy-generating statements. You kind of isolate it.

"And I would have said that while the Jury was deliberating I had probably decided if they bring the death penalty, and I was looking at the evidence and putting myself into the Jury's position, I would have said it looked like I am going to have to impose that death sentence.

"And I probably would have believed that at the time, and it probably was of great concern to me because that's a big responsibility so I could very well have said that because I am trying to make up my mind in this respect while the Jury is deliberating what I am going to do in that case.

"\* \* \*

"In spite of that *I sat on any decision or any thought I had for several days before I imposed that death sentence.*" (Emphasis added.)

In his deposition, Dick Perry could not recall the specifics of the conversation upon which the article was based but stood by the accuracy of the article. He further stated that he usually recorded interviews on a microcassette recorder and wrote his articles from tape and memory, getting the quotations from the tape to ensure their accuracy.

After a thorough review of the record, we find that the trial judge did conduct his own, independent sentencing determination, not only while the jury was deliberating but also after the jury recommended the death sentence. In addition, a trial court speaks through its journal, not through extemporaneous remarks. The trial court's opinion filed on June 25, 1985, states in relevant part:

"This Court in deliberating upon its decision in this case is required by the provisions of O.R.C. 2929.03(D)(3) to place itself in the position as if it were one of the members of the jury panel. The Court evaluated all of the relevant evidence raised at the original trial, the testimony, other evidence, statement of the defendant Rhett Gilbert DePew, and the arguments of the respective counsel which had been available to the jury in its deliberations.

"\* \* \* \*

"This Court concludes beyond a reasonable doubt that the aggravating circumstances outweigh the mitigating factors."

We conclude that the trial court properly granted summary judgment in favor of the state. Appellant's first assignment of error is overruled.

Appellant's second assignment of error reads as follows:

"The trial court erred by granting summary judgment to the prosecution on appellant's second cause of action."

■ Under this assignment of error, appellant argues that in light of the article and the depositions, the trial court erred in finding there was no genuine issue of material fact as to whether the trial judge fairly, impartially and independently sentenced appellant. Appellant argues that the article shows that the trial judge was biased and unwilling to consider any sentence less than death once the jury made its recommendation.

In the relevant part of the article, Dick Perry wrote that " * * * Moser was adamant on one point: once the jury recommended the death penalty, he had never considered—as he could have—a life sentence." He then went on to quote the trial court's remarks as quoted in the first assignment of error.

In his deposition, Judge Moser testified as follows:

"*Q.* [by Daniel G. Eichel, counsel for the state] Did that statement mean that you would not have considered a life sentence had the mitigating factors outweighed the aggravating circumstances?

"*A.* Not at all. I was considering the life sentence. I was considering the mitigating circumstances, and that's what I was doing.

"And I was fast concluding that it looks like I would have to affirm a death verdict in that case because the aggravating circumstances were so severe in this particular case.

"In spite of that, I sat on any decision or any thought I had for several days before I imposed that death sentence."

After a thorough review of the record, we find that the trial judge fairly, impartially and independently sentenced appellant. We find that the fact that the trial judge's independent conclusion that the aggravating circumstances of which appellant was found guilty of committing outweighed the mitigating factors matched the jury's independent and concurrent recommendation does not mean that the judge was biased, impartial or unfair when he sentenced appellant to death. Similarly, the fact that the trial judge was "adamant" does not mean that he was biased against appellant or that he merely rubber stamped the jury's recommendation. The record indicates otherwise. Accordingly, we conclude that the trial court properly granted summary judgment in favor of the state. Appellant's second assignment of error is overruled.

Appellant's third assignment of error reads as follows:

"The trial court erred by granting summary judgment to the prosecution on appellant's third cause of action."

Under this assignment of error, appellant argues that the trial court erred in finding there was no genuine issue of material fact as to whether the trial judge's instruction informing the jury that a death penalty recommendation was "just that, a recommendation" misled the jury. Appellant argues that the article shows that the trial judge misled the jury in believing its sentencing recommendation was merely advisory when in fact the judge treated it as dispositive.

This assignment of error is factually dependent on appellant's first two assignments of error. In light of our holding that there was no genuine issue of material fact in appellant's first two assignments of error, we find that his third assignment of error has no merit and therefore overrule it.

Appellant's fourth assignment of error claims that:

"The trial court erred in concluding that appellant's causes of action were barred by the doctrine of *res judicata*."

Our disposition regarding the first three assignments of error renders moot any further consideration of appellant's fourth assignment of error. Accordingly, appellant's fourth assignment of error is overruled.

*Judgment affirmed.*

WILLIAM W. YOUNG and WALSH, JJ., concur.