DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment entered by the Ross County Common Pleas Court dismissing a postconviction relief petition filed by William H. Ashley, defendant below and appellant herein. The following errors are assigned for our review:
FIRST ASSIGNMENT OF ERROR:
 "PROSECUTORIAL MISCONDUCT IN VOUCHING FOR THE CREDIBILITY OF WITNESSES, AND COMMENTS ON EVIDENCE NOT IN THE RECORD."
SECOND ASSIGNMENT OF ERROR:
 "FAILURE OF THE STATE TO PROVE AN ESSENTIAL ELEMENT OF THE CHARGED CRIME."
THIRD ASSIGNMENT OF ERROR:
 "COUNSEL[']S FAILURE TO CALL APPELLANT AS A DEFENSE WITNESS CONSTITUTES INEFFECTIVE ASSISTANCE OF COUNSEL."
FOURTH ASSIGNMENT OF ERROR:
 "COUNSEL[']S FAILURE TO CONDUCT INVESTIGATION OR FORENSIC TESTS OR CALL ANY WITNESSES CONSTITUTES INEFFECTIVE ASSISTANCE OF COUNSEL."
FIFTH ASSIGNMENT OF ERROR:
 "COUNSEL[']S ENTERING INTO STIPULATIONS THAT REMOVE ESSENTIAL ELEMENTS FROM THE JURY[']S CONSIDERATION CONSTITUTES INEFFECTIVE ASSISTANCE OF COUNSEL."
SIXTH ASSIGNMENT OF ERROR:
 "COUNSEL[']S FAILURE TO FILE A MOTION TO SUPPRESS KEY WITNESS TESTIMONY CONSTITUTES INEFFECTIVE ASSISTANCE OF COUNSEL."
SEVENTH ASSIGNMENT OF ERROR:
"THE CUMULATIVE EFFECT OF ERRORS DEPRIVED APPELLANT OF DUE PROCESS."
A brief summary of the facts pertinent to this appeal is as follows. On September 10, 1990, the Hocking County Grand Jury returned an indictment charging appellant with aggravated murder, in violation of R.C. 2903.01 (A), with a firearm specification, in the death of Richard Timmons. Appellant pled "not guilty" and, after a change of venue, was brought to trial in August of 1991. The State's principal witness was Donald Stivison who testified that on March 21, 1990, he and appellant were at Stivison's house trailer in Logan, Ohio, when Timmons drove up outside. Appellant had recently purchased marijuana from Timmons and appellant was dissatisfied with the transaction.[1] Appellant announced his intention to "plug" Timmons in retaliation, but Stivison did not believe appellant was serious.
Timmons entered the house trailer and began talking with Stivison. Appellant interrupted at one point and accused Timmons of "ripp[ing] [him] off on that pot." Appellant demanded that Timmons "make it right[,] right now." When Timmons explained that he was without any inventory, and did not "have nothing on [him] to make it right[,] right now," appellant shot him three (3) times. He and Stivison then disposed of the body pursuant to instructions set out in a book entitled "The Hit Man." Appellant pierced the victim's lungs to prevent his body from rising to the surface and then buried him with lye to speed decomposition and lime to reduce the smell.
Subsequently, Stivison was arrested on other charges and he agreed to cooperate in this case in exchange for prosecutorial immunity. Stivison ultimately led authorities to the buried body.
Appellant presented no evidence in his own defense and the jury returned a verdict finding him guilty. Judgment was entered on August 23, 1991, sentencing him to an indeterminate life term on the murder charge and an additional three (3) years actual incarceration on the firearm specification. This Court affirmed that judgment the following year. See State v. Ashley (Jun. 10, 1992), Ross App. No. 1810, unreported (hereinafter referred to as "Ashley I.")
Appellant commenced the action below on June 29, 1999, by filing his "motion to vacate conviction and sentence under O.R.C. Sec. 2953.21." Though lengthy, and written in a rambling and disjointed manner, the gist of his motion was that the prosecution had committed misconduct at the trial, that the prosecution failed to prove "an essential element" of the aggravated murder charge and that, (for various reasons), appellant was deprived of the effective assistance of counsel.
The prosecution filed nothing in response to appellant's petition but, on August 26, 1999, the trial court dismissed the motion and denied appellant postconviction relief. The court reasoned that the first two (2) prongs of appellant's motion (i.e. prosecutorial misconduct and failure to prove an essential element of the offense) had either been raised, or could have been raised, in Ashley I and, thus, were barred from further consideration by the doctrine of res judicata. With respect to the final prong of his motion, that appellant had been denied effective assistance of counsel, the court concluded that no evidence had been submitted in support of that claim except for appellant's own "self-serving" and "conclusory" affidavit. The trial court found that this evidence was insufficient to satisfy the initial evidentiary burden of R.C. 2953.21 (C) and that no hearing need be granted. The trial court filed a nunc pro tunc
entry less than a week later confirming the dismissal. Appellant then filed a "request for reconsideration" which the court overruled on September 14, 1999. This appeal followed.
We readily affirm the trial court's judgment of dismissal for the following reasons. First, every error assigned by appellant in this appeal goes to alleged improprieties that occurred at trial almost nine (9) years ago. The sole issue before us now, however, is whether the court erred in dismissing the motion for postconviction relief. Appellant does not specifically address this issue in any assignment of error and, thus, we have no basis for reversing the judgment below.
Second, appellant filed his postconviction relief petition beyond the applicable time limits. The postconviction relief provisions set forth in R.C. 2953.21 et seq. were amended, effective September 21, 1995, to require that requests for such relief be filed no later than one hundred eighty (180) days after the trial transcript is filed in the court of appeals on direct appeal of the judgment or, if no appeal is taken, then no later than one hundred eighty (180) days after expiration of the time period for filing an appeal. See R.C. 2953.21 (A) (2); also see
Am.Sub.S.B. No. 4, 146 Ohio Laws, Part IV, 7815, 7823-7824. Obviously, appellant's motion below was well outside that time limit. The Ohio General Assembly nevertheless provided for those individuals sentenced before the amendment by stipulating that they could file their requests either within the R.C. 2953.21 (A) (2) time frame or within one (1) year from the effective date of the new legislation. Am.Sub.S.B. No. 4, supra at § 3, 146 Ohio Laws, Part IV, at 7826. This gave appellant until September 20, 1996, to file his petition. See State v. Rogers (Feb. 17, 2000), Cuyahoga App. Nos. 76627 76628, unreported; State v.Brewer (Sep. 18, 1998), Highland App. No. 98CA5, unreported; alsosee State v. Pierce (1998), 127 Ohio App.3d 578, 584,713 N.E.2d 498, 502; State v. Schulte (1997), 118 Ohio App.3d 184, 186,692 N.E.2d 237, 238. Appellant missed that deadline as well. Thus, the lower court was prohibited by R.C. 2953.23 (A) from considering appellant's request unless he made a showing of those circumstances enumerated in subsections (A) (1)-(2) of that provision. He did not and, thus, the trial court properly dismissed his motion.
Finally, even if the petition had been timely filed and properly before the court on its merits, we would still come to the same conclusion as the trial court and find that no substantive basis for relief exists. The Ohio Supreme Court has long held that the doctrine of res judicata will apply in determining whether postconviction relief should be afforded under R.C. 2953.21. See e.g. State v. Nichols (1984), 11 Ohio St.3d 40,42, 463 N.E.2d 375, 377; State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 104, at paragraph eight of the syllabus. This means that a movant cannot raise, for purposes of postconviction relief, any error which was raised or could have been raised on direct appeal. See Perry, supra at paragraph nine of the syllabus; also see State v. Lentz (1990), 70 Ohio St.3d 527,529, 639 N.E.2d 784, 785; State v. Juliano (1970), 24 Ohio St.2d 117,119, 265 N.E.2d 290, 292. Appellant raised the issue of prosecutorial misconduct in Ashley I. He did not raise the issue that the prosecution failed to prove an element of aggravated murder, but that issue could have been, and should have been, raised in the initial appeal as well. The trial court correctly determined that these points are now res judicata and are barred from further consideration.
That brings us to appellant's various claims of ineffective assistance of counsel.[2] In Ohio, a properly licensed attorney is presumed competent and the appellant bears the burden to establish counsel's ineffectiveness. State v. Hamblin (1988),37 Ohio St.3d 153, 524 N.E.2d 476, certiorari denied (1988),488 U.S. 975, 109 S.Ct. 515, 102 L.Ed.2d 550; Vaughn v. Maxwell
(1965), 2 Ohio St.2d 299, 209 N.E.2d 164. Appellant must show that counsel failed to function as the "counsel" contemplated by the Sixth Amendment. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. The Sixth Amendment right to counsel protects "the fundamental right to a fair trial." Id.,466 U.S. at 684, 104 S.Ct. 2063, 80 L.Ed.2d 674. "A fair trial is one in which evidence subject to adversarial testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceeding." Id., 466 U.S. 674, 104 S.Ct. at 2063,80 L.Ed.2d 674. Thus, effective counsel is one who "plays the role necessary to ensure that the trial is fair." Id.,466 U.S. at 685, 104 S.Ct. at 2063, 80 L.Ed.2d 674, and therefore, "the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id., 466 U.S. at 686,104 S.Ct. at 2064, 80 L.Ed.2d 674.
To establish that defense counsel's conduct so undermined the functioning of the adversarial process, a defendant must establish: (1) that "counsel's performance was deficient"; and (2) that the "deficient performance prejudiced the defense." Id.,466 U.S. at 687, 104 S.Ct. at 2063, 80 L.Ed.2d 674. Counsel's performance is deficient if he "made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Id., 466 U.S. at 687,104 S.Ct. at 2064, 80 L.Ed.2d 674. Whether counsel's performance is deficient is determined from an objective standard of reasonable representation. State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373, cert den. (1990) 497 U.S. 1011, 111 L.Ed.2d 768,110 S.Ct. 3258.
R.C. 2953.21 (C) states in pertinent part, that before granting a hearing on a request for postconviction relief, the court shall determine whether any substantive grounds for relief exist. The statute does not automatically. require a hearing on these petitions. See State v. Strutton (1988), 62 Ohio App.3d 248, 251,575 N.E.2d 466, 468; State v. Smith (1986), 30 Ohio App.3d 138,140, 506 N.E.2d 1205, 1208; also see State v. Runkle (Dec. 16, 1996), Vinton App. No. 95CA500, unreported. Instead, the movant must first demonstrate that there are substantive grounds for relief that would warrant a hearing. See State v. Lawson (1995),103 Ohio App.3d 307, 311, 659 N.E.2d 362, 365; State v.Swortcheck (1995), 101 Ohio App.3d 770, 772, 656 N.E.2d 732, 733;State v. DePew (1994), 97 Ohio App.3d 111, 113, 646 N.E.2d 250,251. Thus, the burden rests on appellant to show that he was entitled to a hearing on his request and the exhibits attached thereto. State v. Wilburn (Oct. 2, 1998), Lawrence App. No. 97CA53, unreported. We agree with the trial court that appellant failed to carry this burden below.
The only documentary evidence that appellant submitted in support of his ineffective assistance of counsel claim was his own affidavit wherein he detailed (1) how he had wanted to testify on his own behalf at trial but was prohibited from doing so by counsel, and (2) the extent of the testimony he would have given had he been permitted.[3] The trial court disregarded that affidavit as "self-serving" and "conclusory" and denied him any further evidentiary hearing. We find no error in that decision.
It is well settled law that a trial court may weigh the credibility of affidavits or other evidentiary materials submitted by the parties in proceedings for. postconviction relief. See State v. Moore (1994), 99 Ohio App.3d 748, 751-752,651 N.E.2d 1319, 1321; also see State v. Peeples (Nov. 4, 1997), Pickaway App. No. 97CA16, unreported; State v. Sabo (Nov. 14, 1996), Athens App. No. 95CA1701, unreported; State v. Crase (Aug. 21, 1996), Adams App. No. 95CA603, unreported. The Ohio Supreme Court has also indicated that a defendant's own "self-serving" declarations or affidavit can be deemed insufficient to attack a criminal conviction. See State v. Kapper (1983), 5 Ohio St.3d 36,38, 448 N.E.2d 823, 826. We therefor find no error in the trial court's decision to disregard appellant's "affidavit" and the accusations made therein. This is particularly true given that there was no other independent evidentiary materials to corroborate his claims.
Appellant counter argues that other evidence in the form of an "affidavit" by one Tammy L. Dennis was attached to his "request for reconsideration." We are not persuaded. First, the trial court did not have this "affidavit" when it ruled on appellant's motion. The court could thus hardly be characterized as having erred by failing to consider material that was not before it at the time. Second, this "affidavit" (as well as the "affidavit" of appellant himself) was neither sworn to before a notary nor stamped and sealed. An affidavit is a statement under oath or a statement reduced to writing and sworn to or affirmed before some person legally entitled or entrusted to administer oaths or affirmations. See Lewis v. Lawyer Chiropractic Clinic (Aug. 26, 1999), Scioto App. No. 98CA2590, unreported. Unsworn declarations are not affidavits and are not properly considered as evidence.See Pollock v. Brigano (1998), 130 Ohio App.3d 505, 509.720 N.E.2d 571, 574; also see Russell v. Creatif Catering, Inc. (Dec. 4, 1998) Montgomery App. No. 17031, unreported (absence of jurat makes affidavit defective). Likewise, the absence of a seal renders a purported affidavit deficient. See Arales v. Furs byWeiss, Inc. (Jan. 21, 1999), Cuyahoga App. No. 74301, unreported. Neither the document signed by appellant nor the document signed by Ms. Dennis can properly be considered an "affidavit." Given that there was no other documentary evidence to substantiate the claims in appellant's motion for postconviction relief, the trial court properly dismissed it without an evidentiary hearing.
Additionally, we note that we agree with appellant that a criminal defendant has a due process right to testify on his own behalf. See, generally, State v. Griggs (Oct. 8, 1987), Cuyahoga App. No. 52815 and 52923, unreported. In State v. Simms (April 1, 1982), Cuyahoga App. No. 43749, unreported, the court noted that a defendant's constitutional right to testify "is contingent upon a timely demand" by the defendant. When, however, a defendant acquiesces in counsel's decision not to testify at trial, a defendant cannot later assert that his right to testify at trial has been violated. As with any other constitutional right, the right to testify may be waived. Sims. Of course, a defendant has the right to overrule his counsel's wishes and may, at his choosing, take the stand in his own behalf. Moreover, the decision regarding a defendant's trial testimony is subject to the same strategic considerations and conclusions as the decision to call other witnesses at trial. See State v. Potter (Oct. 15, 1985), Henry App. No. 7-84-17, unreported. We note that in the case sub judice, appellant fails to point to any credible evidence or to any overt action on his part to bring to the trial court's attention appellant's desire to testify and to evidence concerning his trial counsel's alleged refusal to permit appellant to testify. See Sims, supra.
For all these reasons, we find the seven assignments of error to be without merit. Accordingly, we hereby overrule the assignments of error and affirm the trial court's judgment.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
Kline, P.J. Evans, J.: Concur in Judgment Opinion
 _____________________ Peter B. Abele, Judge
[1] Appellant was said to be "very upset" because he found six (6) grams of seed in his "pot" which he believed had been put there "to add to the weight."
[2] We note at the outset that appellant was represented in his initial appeal by one of the same attorneys that represented him at trial. Thus, res judicata will not bar him from advancing an ineffective assistance of counsel claim during postconviction proceedings. See State v. Pierce (1998), 127 Ohio App.3d 578,585, 713 N.E.2d 498, 502; State v. Payton (1997), 124 Ohio App.3d 552,556, 706 N.E.2d 842, 844. This is because appellate counsel cannot reasonably be expected to make an argument as to his own ineffectiveness. Pierce, supra at 585, 713 N.E.2d at 502; alsosee State v. Goodwin (May 27, 1999), Cuyahoga App. No. 72043, unreported.
[3] Appellant also attached several original papers from his criminal case as exhibits to his motion but these did not materially add to his argument.