OPINION
Defendant-appellant, Jacob R. Reeder, appeals a Clinton County Court of Common Pleas judgment entry denying his petition for postconviction relief without an evidentiary hearing. Because we find that appellant's petition for postconviction relief demonstrated sufficient operative facts to merit an evidentiary hearing, we reverse the decision of the trial court.
Appellant was convicted of rape, gross sexual imposition, and failure to register as a sexual offender. He subsequently filed a direct appeal with this court in which we overruled the assignments of error and affirmed appellant's convictions. See State v. Reeder (Nov. 30, 1998), Clinton App. No. CA97-12-013, unreported.
Appellant also filed a petition for postconviction relief, in which he claimed that he received ineffective assistance of counsel when his counsel failed to investigate appellant's competence or move for a competency hearing. In support of his petition for postconviction relief, appellant submitted evidence that was not considered either at the trial court level or on his direct appeal, demonstrating, among other things, that (1) appellant was hospitalized prior to his second day of trial due to a suicide attempt, and (2) appellant's trial counsel failed to follow the advice of an assistant public defender to bring appellant's suicide attempt to the court's attention, move for a mistrial, and request a competency hearing.
The trial court denied the petition for postconviction relief without holding an evidentiary hearing. Appellant appeals this decision of the trial court.
Appellant raises two assignments of error in which he argues that the trial court's dismissal of his petition for postconviction relief without an evidentiary hearing was improper. Appellant claims that he presented sufficient facts in his petition for postconviction relief to merit an evidentiary hearing on the issue of whether he received ineffective assistance of counsel. Appellant also argues that his constitutional right to due process was violated. "Fundamental principles of due process require that a criminal defendant who is legally incompetent shall not be subjected to trial." State v. Berry (1995), 72 Ohio St.3d 354,359, citing Pate v. Robinson (1966), 383 U.S. 375, 86 S.Ct. 836, andDrope v. Missouri (1975), 420 U.S. 162, 95 S.Ct. 896. Appellant claims that he was incompetent when tried.
The state argues that appellant's claim that he suffered from ineffective assistance of counsel due to counsel's failure to move the trial court for a competency hearing is barred by res judicata because this was already argued by appellant on direct appeal. We disagree.
Attached to the petition for postconviction relief are exhibits that were not available for this court's consideration during appellant's direct appeal or at the trial court level by the trial judge. This evidence includes the following: (1) an affidavit from former assistant public defender Paul Lorenzo, who advised appellant's counsel during the trial; (2) appellant's social security disability sheet; (3) appellant's hospital records from January 2, 1997, which was scheduled to be appellant's second day of trial; and (4) the affidavit of Donald Schumacher, a licensed attorney for the state of Ohio who practices criminal law, which reviews the performance of appellant's trial counsel in this case.
Where an appellant's claim of ineffective assistance of counsel is based upon facts not in the record, the appropriate remedy is a petition for postconviction relief, not direct appeal. State v. Cooperrider
(1983), 4 Ohio St.3d 226, 228. Because appellant's petition for postconviction relief alleges ineffective assistance of counsel and contains and depends upon evidence that is outside the trial court record, it is not barred by res judicata.
R.C. 2953.21(E) states, "[u]nless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending." Because a petition for postconviction relief under R.C. 2953.21 is a civil proceeding, summary judgment granted under R.C. 2953.21(D) is governed by Civ.R. 56. State v. DePew (1994),97 Ohio App.3d 111, 113. Pursuant to Civ.R. 56, summary judgment is granted when there is no genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds must come to only one conclusion, which is adverse to the party against whom the motion is made, who is entitled to have the evidence construed most strongly in his favor. Id., citing Bostic v. Connor
(1988), 37 Ohio St.3d 144, 146.
To demonstrate a claim of ineffective assistance of counsel, a defendant must first show that under the circumstances, counsel's representation did not meet the objective standard of reasonable competence. Second, the defendant must show that he was prejudiced at trial as a result of this deficiency. Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 2064; State v. Mills (1992),62 Ohio St.3d 357, 370. Only if the defendant demonstrates that there is a reasonable possibility that, but for the unprofessional errors, the result of the proceedings against defendant would have been more favorable will a reviewing court find prejudice. This probability must be sufficient to undermine confidence in the outcome of the case. Statev. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus.
For a court to grant a hearing based upon a petition for postconviction relief alleging ineffective assistance of counsel, a defendant must "submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and also that the defense was prejudiced by counsel's ineffectiveness." State v. Jackson (1980),64 Ohio St.2d 107, 111. Broad assertions absent a further demonstration of prejudice do not merit an evidentiary hearing for a petition for postconviction relief. Id.
The evidence presented in the petition for postconviction relief supports appellant's claim that there were reasons to doubt appellant's competency during his trial, and that counsel's failure to investigate appellant's competence or move for a competency hearing may have constituted ineffective assistance of counsel.
First, appellant submitted the affidavit of Lorenzo, who attests that he was working as an assistant public defender at the time of appellant's trial. Lorenzo attests that a clerk working with appellant's trial counsel contacted him to ask whether counsel should waive appellant's presence at trial after appellant had attempted suicide prior to his second day of trial. Lorenzo attests that he recommended that counsel move for a mistrial and move for a competency hearing. Appellant's counsel failed to do these things once appellant returned to court.[1]
Second, appellant presented an authorized copy of his social security disability form, which indicated that he suffers from mental retardation and affective disorders. Appellant included notes provided by a psychologist who examined appellant to evaluate his eligibility for social security disability. The notes indicate that appellant has an IQ of seventy and suffers from depressive syndrome, which is characterized by sleep disturbance, decreased energy, difficulty concentrating or thinking, and thoughts of suicide.
Third, appellant presented medical records from the hospitalization that followed his mid-trial suicide attempt. According to these medical records, appellant told medical providers that he was having suicidal ideations, and a friend stated that appellant had been talking about suicide for two to three months. These records indicate that appellant was taking multiple medications at the time of his trial, including Prozac and BuSpar.[2] Also, these records show that appellant made a second suicide attempt while he was at the hospital.
Fourth, appellant attached the affidavit of criminal law attorney Schumacher. Schumacher attested that he reviewed the case and that, in his professional opinion, appellant's counsel failed to meet the prevailing standard of practice for attorneys who undertake the representation in criminal trials, and that this ineffective assistance was prejudicial to appellant and denied him a fair trial.
After reviewing the evidence submitted with appellant's petition for postconviction relief, we find that appellant has presented sufficient operative facts to demonstrate his claim of relief to require an evidentiary hearing. This evidence supports appellant's assertion that his counsel committed unprofessional errors by not requesting a competency hearing or investigating appellant's competency, and that there is a reasonable probability that these errors undermined confidence in the case's outcome. Therefore, the trial court should have granted an evidentiary hearing on appellant's petition for postconviction relief.
The assignments of error are sustained. The trial court's decision is reversed and the case is remanded for an evidentiary hearing on the merits of appellant's petition for postconviction relief.
 ____________________________ VALEN, J.
YOUNG, P.J., concurs.
WALSH, J., dissents without opinion.
[1] After appellant returned to court, defense counsel attempted to advise appellant to waive his right to a jury trial on the charge of failure to register as a sexual offender. During this discussion, counsel told the trial court that appellant had an IQ of seventy. Appellant's counsel also stated that she felt that appellant did not understand all of what was happening, and appellant agreed. Defense counsel stated, "I'm beginning to wonder if we are having a competency issue to come before the Court at this point." However, defense counsel did not move the trial court for a competency hearing.
[2] According to the Physicians' Desk Reference, (54 Ed. 2000) 963, 820, Prozac is used to treat depression and obsessive-compulsive disorder, and BuSpar is prescribed for the management of anxiety disorders or the short-term relief of the symptoms of anxiety. Appellant was also taking Flurazepam and Anivert, but the Physicians' DeskReference does not clearly indicate what the indications of these medications are.