**The STATE of Ohio, Appellee,**

v.

**WALKER, Appellant.**

[Cite as *State v. Walker* (1991), 74 Ohio App.3d 120.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–1329.

Decided May 14, 1991.

*Michael Miller,* Prosecuting Attorney, *Alan C. Travis* and *Joyce S. Anderson,* for appellee.

*David J. Graeff,* for appellant.

REILLY, Judge.

Defendant appeals his conviction for aggravated assault returned by a jury. The assault charge arose from an incident in which defendant beat his wife with a baseball bat.

Defendant, Thomas Walker, married the victim, Sonia Walker, in January 1990. The couple lived together in a home located at 1615 Burley Drive in Columbus with Sonia's three children, aged thirteen, ten and six. Sonia testified at trial that, in the morning of March 12, 1990, she confronted defendant regarding his alleged relationship with another woman and asked defendant to leave the house. Sonia further testified that she went to bed around 10:30 in the evening on March 12 and awoke during the early morning of March 13 to find defendant standing beside her bed. Sonia testified that defendant took a baseball bat and started beating her on the middle part of her legs, her knee caps and her arms which she had used to cover her head. Sonia's thirteen-year-old son testified that his mother ordered defendant to leave the home on the 12th, that he heard his mother screaming in the early morning hours, and that defendant came into his room and placed a baseball bat under his bed saying that Sonia was having a seizure.

Defendant testified that Sonia was very jealous of him and constantly accused him of being with other women, often requesting him to give up his jobs in order to watch him. Defendant further testified that, on the evening of the 12th, he reported to work at Eastland Mall and returned home early in the morning on the 13th. Defendant testified that, as he was going to bed, Sonia awoke and accused him of seeing another woman. Defendant's testimony indicates that Sonia then proceeded to kick him in the back and that she threatened him with a knife, at which point he retrieved a baseball bat to protect himself. Defendant testified that he hit Sonia three times in self-defense.

As a result of this incident, a Franklin County Grand Jury returned an indictment on August 30, 1990, charging defendant with felonious assault with a specification that defendant had been previously convicted of felonious assault. The indictment set forth three additional counts arising from an unrelated incident, which counts were severed for purposes of trial. The matter was tried to a jury between August 11 and 13, 1990. At the conclusion of all of the evidence, defendant requested an instruction on self-defense which included an instruction that a person in his own home is under no duty to retreat. The trial court rejected this instruction and instead instructed the jury on the standard self-defense instruction, which includes the duty to retreat rule. Upon deliberation, the jury returned a verdict of not guilty on the felonious assault charge, but found defendant guilty of aggravated

assault, a lesser included offense. The trial court sentenced defendant to a one and one-half year determinate sentence and reduced the verdict and sentence to judgment on November 8, 1990.

Defendant now appeals and sets forth the following assignments of error:

"(a) Prejudicial error occurs when the trial court refuses to give an instruction on no duty to retreat from one's home, when the evidence at trial shows that the affirmative defense of self-defense was raised.

"(b) The verdict was against the manifest weight of the evidence."

Although defendant sets forth two assignments of error, only one argument is advanced. Specifically, defendant contends that the trial court erred in failing to instruct the jury that a person in his own home has no duty to retreat when acting in self-defense. In support for his position, defendant relies upon a long line of Ohio Supreme Court decisions which except from the general duty to retreat a person who is acting in self-defense within his own home. See *State v. Williford* (1990), 49 Ohio St.3d 247, 551 N.E.2d 1279 (citing cases).

As the state correctly points out, however, defendant's reliance upon the Supreme Court decisions is misplaced. None of those cases directly addresses the issue presented herein. Specifically, those decisions do not involve the issue of self-defense in the context of an assault by a spouse upon a husband or wife in the marital residence. As aptly observed by the Twelfth District Court of Appeals:

"States are split on the issue of duty to retreat in one's dwelling where the aggressor also lives in the dwelling. See Annot., 26 A.L.R.3d 1296 (1969). There does not appear to be any reported Ohio case on this issue. We find the better view to be that where both parties have an equal right to be in the dwelling, a person must retreat if possible before killing an assailant. [Citations omitted.] * * * " *State v. Garrette* (Feb. 2, 1983), Clinton App. No. CA-484, unreported, 1983 WL 4275.

The policy justification which underlies the view relieving an actor from the duty to retreat when assaulted by an intruder in the actor's home is simply not present when the aggressor is not an intruder, but a spouse with a right to be present in the dwelling. The policy which underlies the former is predicated upon the view that one's home is a "castle," *State v. Nieto* (1920), 101 Ohio St. 409, 415, 130 N.E. 663, 664, from which a homeowner is not required to retreat in the face of force used by an aggressor which produced a reasonable fear of death or great bodily harm. Cf. *State v. Catlin* (1990), 56 Ohio App.3d 75, 77–78, 564 N.E.2d 750, 753–754. This policy is not implicated where the aggressor is a cohabitant with an equal right to be in the home. In

this latter circumstance, the policy supporting the retreat rule will lessen the potential for domestic violence if one can safely avoid injury by retreating. Accordingly, we concur in the holding of *Garrette* which concludes that the retreat rule represents the better position in self-defense cases involving violence between spouses in the marital residence.

Based on the foregoing, defendant's two assignments of error are overruled. The judgment of the common pleas court is, therefore, affirmed.

*Judgment affirmed.*

BOWMAN, P.J., and JOHN C. YOUNG, J., concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.