**The STATE of Ohio, Appellee,**

**v.**

**SMITH, Appellant.**

[Cite as *State v. Smith* (1993), 90 Ohio App.3d 177.]

Court of Appeals of Ohio,
Butler County.

Nos. CA92–11–223, CA92–11–228.

Decided Sept. 7, 1993.

*John F. Holcomb,* Butler County Prosecuting Attorney, and *John J. McCracken,* for appellee.

*James C. Smith,* for appellant.

WILLIAM W. YOUNG, Judge.

Defendant-appellant, Donald W. Smith, was indicted on one count each of aggravated robbery and felonious assault. On September 8, 1992, appellant's counsel filed a motion for a jury view of the crime scene. Trial by jury commenced six days later on September 14, 1992. When counsel inquired about his motion for a jury view, the court denied the motion because counsel had failed to arrange transportation for the jurors. Following trial, the jury found appellant guilty of the lesser offenses of robbery and assault and appellant was sentenced of record.

As his sole assignment or error, appellant claims he was denied the effective assistance of counsel based upon trial counsel's failure to timely file the motion for a jury view and to arrange transportation for the jury. To merit reversal of a conviction on the basis of ineffective assistance of counsel, a defendant must show that his attorney's performance was deficient, and that the deficient performance prejudiced his defense. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692–693; *State v. Slagle* (1992), 65 Ohio St.3d 597, 609–610, 605 N.E.2d 916, 928–929.

■ Appellant first claims that counsel was ineffective because he failed to file the motion for a jury view at least seven days before trial as required by Crim.R. 12(C). However, there is nothing in the record to indicate that the trial court denied appellant's motion because it was untimely. Under these circumstances, we cannot say that counsel's failure to timely file the motion was either professionally unreasonable or had an actual adverse effect on the defense. *Strickland, supra.*

The trial court's basis for denying the motion was counsel's failure to arrange transportation to the crime scene. The court informed counsel that even though the state may ultimately be responsible for the cost of the jury view, it was defense counsel's responsibility to arrange transportation for the jurors. In order for this conduct to constitute ineffective assistance of counsel, it must be shown that counsel's performance was professionally unreasonable. *Strickland, supra*, 466 U.S. at 690–691, 104 S.Ct. at 2065, 80 L.Ed.2d at 693–695. See, also, *State v. Tyler* (1990), 50 Ohio St.3d 24, 37–38, 553 N.E.2d 576, 593–594, certiorari denied (1990), 498 U.S. 951, 111 S.Ct. 371, 112 L.Ed.2d 334; *State v. Seiber* (1990), 56 Ohio St.3d 4, 11, 564 N.E.2d 408, 417. In addition, the accused must show a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Strickland, supra*, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698–699.

A trial court has broad discretion in deciding whether to grant a jury view, and a reviewing court will not disturb the trial court's judgment absent an abuse of discretion. *State v. Richey* (1992), 64 Ohio St.3d 353, 367, 595 N.E.2d 915, 927–928, certiorari denied (1993), 507 U.S. ——, 113 S.Ct. 1592, 123 L.Ed.2d 157; *State v. Zuern* (1987), 32 Ohio St.3d 56, 58, 512 N.E.2d 585, 588, certiorari denied (1988), 484 U.S. 1047, 108 S.Ct. 786, 98 L.Ed.2d 872; R.C. 2945.16. Furthermore, a view of a crime scene is neither evidence nor a crucial stage of the proceedings. *Richey, supra,* 64 Ohio St.3d at 367, 595 N.E.2d at 927–928; *Tyler, supra,* 50 Ohio St.3d at 38, 553 N.E.2d at 593–594.

The evidence shows that two individuals assaulted and robbed seventy-four-year-old Victor Peyton in the parking lot outside Lee's Cafe in Middletown, Ohio during the early evening hours of June 20, 1992. Peyton initially identified his assailants as being two black men, but later said that one was white and one was black. At trial, Peyton positively identified appellant, a white man, as the principal assailant. Appellant's sunglasses and address book were recovered at the crime scene.

Ben Watson, who resided in an apartment building adjacent to the crime scene, witnessed the assault and robbery from his second-story bathroom window. When questioned by appellant's counsel on cross-examination, Watson denied that the view from his window was obstructed by another building.

Appellant's primary contention is that a view of the scene would have impeached Watson's credibility. It is readily apparent that appellant sought to attack Watson's credibility through the use of a jury view coupled with the argument that Watson could not have seen that which he said he saw. Such circumstances are not the proper basis for granting a jury view. See, *e.g., State v. Glenn* (Oct. 26, 1988), Hamilton App. No. C–870721, unreported, 1988 WL 114245, cause dismissed (1989), 41 Ohio St.3d 713, 535 N.E.2d 303; *State v. Evans* (Dec. 31, 1985), Hamilton App. No. C–850042, unreported, 1985 WL 4923.

Even if counsel had arranged for jury transportation, it appears that a jury view would not have been proper and there is no guarantee that the court would have granted appellant's motion. In any event, we cannot say that, but for counsel's error, the result of the proceeding would have been different. *Strickland, supra.* We conclude that appellant has failed to demonstrate that he was denied the effective assistance of counsel. Accordingly, appellant's sole assignment of error is hereby overruled.

*Judgment affirmed.*

JONES, P.J., and WALSH, J., concur.